WILLIAM J. CHILDRESS, Employee, Plaintiff v. TRION, INC., Employer; THE PMA GROUP, Carrier, Defendants

No. COA96-412

(Filed 4 March 1997)

**1. Workers' Compensation § 478 (NCI4th)— appeal in Court of Appeals—attorney fees—no abuse of discretion**

The Industrial Commission did not abuse its discretion in a workers' compensation case by awarding plaintiff attorney fees for successfully defending an appeal to the Court of Appeals after the Court of Appeals denied plaintiff's request to award attorney fees. N.C.G.S. § 97-88.

**Am Jur 2d, Administrative Law §§ 52, 69; Workers' Compensation § 725.**

CHILDRESS v. TRION, INC.

[125 N.C. App. 588 (1997)]

2. **Workers' Compensation § 304 (NCI4th)— interest—medical fees—no error**

The Industrial Commission did not err in its award of interest on plaintiff's outstanding medical expenses pursuant to N.C.G.S. § 97-86.2.

**Am Jur 2d, Workers' Compensation § 640.**

Appeal by defendants from orders filed 16 January 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 January 1997.

On 7 November 1995 this Court affirmed an order and award of the Full Commission granting plaintiff an award for medical expenses (COA94-1136). The issue in dispute in that appeal was whether the defendants were liable for plaintiff's allegedly unauthorized surgery. This Court affirmed the Full Commission and held that defendants were liable for all of plaintiff's medical expenses arising out of his injury. Plaintiff requested this court to award attorney fees pursuant to G.S. 97-88 (1991). In its discretion this Court denied plaintiff's request.

On 18 December 1995 plaintiff made a motion to the North Carolina Industrial Commission for attorney fees pursuant to G.S. 97-88. Plaintiff sought attorney fees for successfully defending the prior appeal to this Court. Plaintiff asserted that "[t]he decision of the Court of Appeals not to exercise its authority does not preclude the Industrial Commission from exercising its own authority under G.S. 97-88 to award a fee to plaintiff's counsel . . . ." On 18 December 1995 plaintiff also made a motion before the Industrial Commission for interest on outstanding medical expenses pursuant to G.S. 97-86.2 (1991).

On 16 January 1996 Commissioner Thomas Bolch filed orders awarding plaintiff attorney fees in the amount of $1,350.00 and awarding plaintiff interest on outstanding medical expenses. Defendants appeal from these orders.

*Lore & McClearen, by R. James Lore, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Dan M. Hartzog and Tracy C. Myatt, for defendant-appellants.*

EAGLES, Judge.

[1] The first issue is whether the Industrial Commission abused its discretion in awarding plaintiff attorney fees for successfully defending his appeal pursuant to G.S. 97-88. Defendants argue that the reasonableness of defendants' prior appeal should be considered by this Court upon review of the award of attorney fees. We respectfully disagree.

An abuse of discretion standard of review is applied in an award of attorney fees by the Industrial Commission. *Taylor v. J.P. Stevens & Co.*, 307 N.C. 392, 298 S.E.2d 681 (1983). In a recent decision of this Court, *Brown v. Public Works Commission*, 122 N.C. App. 473, 477, 470 S.E.2d 352, 354 (1996), we found that a reasonableness analysis of the appeal was inapplicable to an award of attorney fees under G.S. 97-88 and that abuse of discretion continues to be the appropriate standard. Upon careful review of the record and consideration of the parties' arguments, we conclude there is no showing that the Industrial Commission abused its discretion in its award of attorney fees.

[2] The second issue is whether the Industrial Commission erred in requiring defendants to pay interest on plaintiff's outstanding medical expenses. Defendants contends that interest on an "award" pursuant to G.S. 97-86.2 is limited to compensation due an employee and does not include medical expenses. We respectfully disagree.

Although its practices are not binding on this Court, we note that the Industrial Commission has entered awards of interest on medical expenses. *Simon v. Triangle Material, Inc. & Lumbermens' Underwriting Alliance Insurance Co.*, I.C. No. 841030; *see also Deese v. Southern*, 306 N.C. 275, 278, 293 S.E.2d 140, 143, disc. *review denied*, 306 N.C. 753, 303 S.E.2d 83 (1982) (Industrial Commission's opinions may be considered as persuasive authority). This practice of the Industrial Commission is consistent with the majority of states that have found that interest is payable on medical awards. 3 Larson's Workers' Compensation § 83.42(c) (1996).

No appellate court in North Carolina has specifically interpreted the definition of "award" pursuant to G.S. 97-86.2 (1991). G.S. 97-86.2 provides as follows:

Interest on awards after hearing.

In any workers' compensation case in which an order is issued either granting or denying an award to the employee and where

there is a appeal resulting in a ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing on the claim, until paid at the legal rate of interest provided in G.S. 24-1. If interest is paid it shall not be a part of, or in any way increase attorneys' fees, but shall be paid in full to the claimant.

Generally, if the language of the statute is clear and not ambiguous, we must conclude that the General Assembly intended the statute to be implemented according to the plain meaning of its terms. *Hyler v. GTE Products*, 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993) (citations omitted). Nothing in the plain language of the statute indicates that an award pursuant to G.S. 97-86.2 is limited to compensation due an employee and does not include medical expenses.

Defendants argue that as a matter of public policy a narrow interpretation of "award" pursuant to G.S. 97-86.2 is appropriate. Defendants suggest that the General Assembly could not have intended medical expenses to be included in an "award," because the statute was designed to compensate a plaintiff who was deprived of the use of his money. Defendants opine that here it was the medical providers who provided the treatment and who waited for the resolution of this matter to receive their funds, not the plaintiff. In essence, defendants contend that an award of interest for medical expenses to plaintiff would be a windfall for plaintiffs and an undue burden on defendants. However, we note that in contested cases, workers' compensation plaintiffs incur the liability for all medical expenses if they lose; that plaintiffs often pay significant out-of-pocket medical expenses for prescription drugs, travel, deductibles, or actual payment of medical expenses when there is no other way plaintiffs can obtain treatment; and that because the factual scenarios in determining whether plaintiffs in workers' compensation cases have incurred out-of-pocket expenses are so numerous, the only reasonable construction is that any award of medical compensation for the plaintiff's benefit is covered by G.S. 97-86.2. Furthermore, this construction of "awards" is in accordance with the following guidelines for interpreting the Workers' Compensation Act provided by the North Carolina Supreme Court: The General Assembly intended the Act to "be construed liberally in favor of the injured worker to the end that its benefits not be denied upon technical, narrow, or strict interpretation;" and "[w]hile a court should not construe the Act liberally in favor of an employee if such construction contravenes 'the

plain and unmistakable language of the statute,' ambiguous provisions properly are interpreted in the employee's favor." *Hyler,* 333 N.C. at 266, 425 S.E.2d at 703 (1933) (citations omitted).

In *Powe v. Odell,* 312 N.C. 410, 413, 322 S.E.2d 762, 764 (1984), the North Carolina Supreme Court commented that the goals of awarding interest include the following: "(a) [T]o compensate a plaintiff for loss of the use value of a damage award or compensation for delay in payment; (b) to prevent unjust enrichment to a defendant for the use value of the money, and (c) to promote settlement." All of these goals are met by the payment of interest on an award of medical expenses to workers' compensation claimants. Accordingly, we conclude that the Industrial Commission did not err in its award of interest on medical expenses pursuant to G.S. 97-86.2.

Affirmed.

Judges GREENE and MARTIN, John C., concur.