The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. The Pre-Trial Agreement with ten attachments was marked as stipulated exhibit 1 and received into evidence.
2. A set of stipulations including an eleventh attachment to the Pre-Trial Agreement was marked as stipulated exhibit 2 and received into evidence.
3. Defendants' supplemental answers to plaintiff's interrogatories have been marked as stipulated exhibit 3 and received into evidence.
4. The chart prepared by counsel for the plaintiff is based upon compiling stipulated facts by both parties and admissions by the defendants. The Deputy Commissioner has marked this chart as court's exhibit 1, and received it into evidence.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. There is insufficient evidence of record from which to prove by its greater weight that plaintiff could have earned compound interest weekly at a rate of 8% per annum during the time period beginning August 18, 1992 to June 4, 1996.
2. There is insufficient evidence of record from which to prove by its greater weight that plaintiff could have earned compound interest either daily, weekly or yearly at an interest rate that would have yielded a greater amount than an investment of the compensation owed to her earning simple interest at a rate of 8% per annum during the time period beginning August 18, 1992 to June 4, 1996.
3. The defendant-carrier did not pay the properly submitted bills identified in court's exhibit 1 within sixty days of the day that the defendant-carrier received each of these bills. These bills were for services rendered by plaintiff's healthcare providers. The Commission takes judicial notice that the defendant-carrier was responsible for making direct reimbursement to the providers for these bills. The healthcare provider or the defendant-carrier had to submit these bills to the Industrial Commission for approval.
4. The defendant-carrier did not pay for medical treatment provided from June 7 through June 11, 1996 by Pinehurst Medical Clinic, Moore Regional Hospital, and Dr. Wolf because the defendant-carrier believed that the chest pains that plaintiff was experiencing were unrelated to her compensable occupational disease. The defendant-carrier did not consult any medical experts that supported its position to deny payment of these bills during the sixty days following proper submission of these bills to the defendant-carrier.
5. On December 19, 1996, the defendant-carrier received a letter from Dr. John Krahnert with the Pinehurst Surgical Clinic that explained that the treatment received by plaintiff from June 7 through June 11, 1996 was provided in an effort to rule out the possibility that plaintiff's chest pain at that time might have been a result of cardiac ischemia as opposed to his compensable occupational disease. Dr. Krahnert opined that the chest pains that plaintiff was experiencing during this time period were not a result of cardiac ischemia, but were instead a symptom of the intercostal neuritis that plaintiff has continued to experience as a result of the thoracotomy surgery he received for his compensable occupational silicosis. Dr. Krahnert reported that on July 18, 1996 the plaintiff received an intercostal nerve block injection for his chest pain. The defendant-carrier decided to pay the bills for the time period from June 7 through June 11, 1996 after receiving this written opinion by Dr. Krahnert. The bills submitted by Dr. Wolf were paid on January 31, 1997. The bills submitted by Moore Regional Hospital and Pinehurst Medical Clinic for treatment provided during this time period were paid on February 17, 1997.
6. No justification was provided by the defendant-carrier as to why properly submitted bills for services rendered at the Pinehurst Surgical Clinic on June 6, 1996 and July 18, 1996 were not paid for until after the scheduled hearing date of March 13, 1997. The failure to pay these two bills until after the hearing date of March 13, 1997 is the result of stubborn, unfounded litigiousness. A reasonable attorney's fee to be assessed against the defendant-carrier for plaintiff's counsel's efforts to obtain payment of these bills is $1,000.00.
7. The bills set forth in court's exhibit 1 were for treatment rendered after the Court of Appeals rendered its decision in this matter on May 7, 1996.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to payment of interest on the final award in this matter pursuant to N.C. Gen. Stat. § 97-86.2. One of the goals in providing interest as part of an award is to prevent unjust enrichment to defendants for the use value of money owed to the plaintiff. If the defendants receive a greater return on a prudent investment of plaintiff's money that is greater than what the defendants would owe in interest to the plaintiff based upon the statutory interest rate, then the defendants would be unjustly enriched by delaying payment of an award to a plaintiff. The Supreme Court in Childress v. Trion, 125 N.C. App. 588,481 S.E.2d 697 (1997) has established that there is a rebuttable presumption that an award of simple interest based upon the statutory rate of 8% per annum is reasonable in the context of condemnation proceedings. The Supreme Court has set forth a prudent investor standard whereby a property owner who has had his property taken by state action can rebut this presumption by showing that prevailing market conditions would have allowed the property owner to obtain compound interest in the marketplace. The property owner must also show that the compound interest would be based upon an interest rate available in the marketplace. In order to prevent unjust enrichment to the defendants in a worker's compensation award, plaintiffs should have the opportunity to show that they could have earned compound interest at a rate that would have yielded a greater return than an award of simple interest based upon the statutory amount of 8% per annum. However, in the case sub judice, plaintiff has failed to show by the greater weight of the evidence that she could have obtained compound interest at a rate in the marketplace that would have yielded a larger amount than the simple interest based upon the statutory amount of 8% per annum that she has already received from the defendants. N.C. Gen. Stat. § 97-86.2; N.C. Gen. Stat. § 24.1;Childress v. Trion, 125 N.C. App. 588, 481 S.E.2d 697 (1997);Lea Company v. N.C. Board of Transportation, 317 N.C. 254,345 S.E.2d 355 (1986).
2. A ten percent penalty shall be added to bills for medical services properly submitted to the defendant-carrier that have not been paid within sixty days of receipt by an insurer responsible for direct reimbursement unless this penalty is excused by the Industrial Commission. This penalty shall be paid to the healthcare provider that provided the unpaid services rendered. N.C. Gen. Stat. § 97-18; Industrial Commission Rule 407.
3. The hearing is this matter was brought in part because of the defendants' failure to pay the medical bills for services rendered by the Pinehurst Surgical Clinic on June 6, 1996 and July 18, 1996. The defense of the failure to pay these bills in a timely manner was based upon stubborn, unfounded litigiousness. N.C. Gen. Stat. § 97-88.1; Sparks v. Mountain Breeze Restaurant,55 N.C. App. 663, 286 S.E.2d 575 (1982).
4. Plaintiff is not entitled to receive interest on the medical expenses as listed in court's exhibit 1. N.C. Gen. Stat. § 97-86.2.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay a ten percent penalty in the amount of $71.60 to Pinehurst Surgical Clinic for the services rendered on June 6, 1996, June 20, 1996 and July 18, 1996.
2. Defendants shall pay a ten percent penalty in the amount of $104.50 to Moore Regional Hospital for the services rendered on June 10, 1996.
3. Defendants shall pay a ten percent penalty in the amount of $15.40 to Dr. Wolf for the services rendered on July 18, 1996.
4. Defendants shall pay an attorney's fee in the amount of $1,000.00 to counsel for the plaintiff.
5. Plaintiff's claim for interest compounded weekly on all past due indemnity paid by the defendants, and medical bills paid late is HEREBY DENIED.
6. Plaintiff's claim for interest on the bills as listed in court's exhibit 1 is HEREBY DENIED.
7. Each side shall pay its own costs of this appeal.
This is the ____ day of January, 1998.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________ RENEE C. RIGGSBEE COMMISSIONER