MARIA TERESA PALMER, GUARDIAN *AD LITEM* FOR J. CARMEN FUENTES, EMPLOYEE/PLAINTIFF v. W. BRENT JACKSON D/B/A JACKSON'S FARMING COMPANY, EMPLOYER, AND COMPANION PROPERTY & CASUALTY, CARRIER/DEFENDANTS

No. COA03-16

(Filed 16 December 2003)

## 1. Workers' Compensation— attendant care—reasonable rate of compensation

The Industrial Commission did not err in a workers' compensation case by determining that $7.00 per hour was a reasonable rate of compensation for nurses in plaintiff's community in Mexico, because there was competent evidence to support such a finding including testimony of a physician in Mexico who conducted an investigation into cost of nursing care in the town nearest plaintiff's home and thereafter concluded that the amount was reasonable.

## 2. Workers' Compensation— quality of care—rate of compensation

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff's father and sister were entitled to $7.00 per hour for attending to plaintiff's needs even though neither had formal medical training, because: (1) even defendants' medical case manager vouched for the quality nursing care that was provided by these two individuals; and (2) contrary to plaintiff's contention, by not offering any additional funds, the Commission considered and implicitly rejected plaintiff's request for additional overtime compensation.

## 3. Workers' Compensation— retroactive attendant care—interest

The Industrial Commission did not err in a workers' compensation case by awarding interest on retroactive attendant care, because: (1) the full Commission has authority to award interest for plaintiff's outstanding medical expenses; and (2) the fact that the money is going directly to the two relatives who are taking care of a worker in a vegetative state, rather than to the worker himself, does not preclude the full Commission from awarding interest.

### 4. Workers' Compensation— wrongful defense of claim without reasonable grounds—attorney fees

Although plaintiff contends the Industrial Commission erred in a workers' compensation case by failing to address whether defendants wrongfully defended the claim for retroactive care without reasonable grounds, this claim is unfounded because the Commission considered plaintiff's claim and awarded those fees, including attorney fees, which it believed to be appropriate.

Appeal by plaintiff and defendants from opinion and award entered 9 August 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 15 October 2003.

*Massengill & Bricio, P.L.L.C., by Francisco J. Bricio; and White & Allen, P.A., by Thomas J. White, III, for plaintiff appellant-appellee.*

*Morris York Williams Surles & Barringer, L.L.P., by John F. Morris and Keith B. Nichols, for defendant appellants-appellees.*

McCULLOUGH, Judge.

On 10 July 1998, J. Carmen Fuentes (Carmen) suffered a compensable heatstroke. Since then, Carmen has been in a coma or persistent vegetative state and requires twenty-four-hour nursing care. Carmen returned to Mexico, and his father, Porfirio Fuentes (Porfirio), and his sister, Yolanda Fuentes (Yolanda), provided around-the-clock care from 4 November 1998 to 15 June 1999 and from 27 June 1999 to 13 May 2001. Yolanda provided twelve hours of care during the day, and Porfirio provided twelve hours of care at night. From 14 May 2001 to approximately 28 May 2001, Carmen received twelve hours of daytime care each day from two nurses hired by Porfirio. Each nurse worked six hours per day.

Porfirio and Yolanda have provided outstanding care for Carmen. The defendants' own medical care manager describes this care as "superb" and indicates that it is better than the level that would be provided in a professional facility in the United States. In fact, when Carmen developed an ulcer, the problem subsided because of the care he received from his family. Each day, Yolanda and Porfirio did numerous things for Carmen. They fed him, changed his diapers, cleaned the feeding tube to his stomach, aspirated him, rolled him over periodically to prevent bed sores, gave massages, took him out

in his wheelchair, administered medication, and provided physical therapy. Yolanda and Porfirio also purchased medical supplies, food, and diapers on a regular basis. The Full Commission found that plaintiff needed twenty-four-hour nursing care and ordered defendants to pay for all medical care he needed. Defendants assigned Bruce Holt to provide case management services. He testified that despite the Full Commission's mandate requiring defendants to provide twenty-four-hour nursing care, defendants never asked him to obtain twenty-four-hour nursing care. Holt also testified that plaintiff's counsel requested twenty-four-hour nursing care on the following occasions: 30 October 2000, 1 November 2000, 1 March 2001, and 6 March 2001.

Holt testified that he tried to find suitable nursing services for Carmen. In an e-mail correspondence from 1 November 2000, Holt reported, "I have conducted research into the system of medical care in Mexico, specifically in the area [in] which Mr. Fuentes resides. I have learned, i[f] such trained attendant care is available, it has to come from the nea[rest] hospital . . . As you know, Mr. Fuentes lives 2.5 hours away from San L[uis]Potosi, the nearest hospital to my knowledge." Holt further indicated there was virtually no chance of having a trained individual travel that far for this purpose despite any financial incentives.

In December of 2000, Holt spoke to Dr. Silvestre Carrizales Navarrete at his office in Mexico. At that time, Dr. Navarrete gave a very rough estimate of the cost of nursing care in the town nearest to Carmen's home. However, upon further investigation, the doctor was able to give a more accurate figure. He determined that government nurses made 8,000 pesos per month and worked 37-1/2 hours per week. The nurses did basic work including: minor treatment, injections, and vaccines. However, Dr. Navarrete indicated that the conditions of Carmen's home would make the nurses' job harder and more stressful. Based on the nature of the work, the conditions in which the nurses would have to work, and the rate charged by the two nurses who were willing to take care of Carmen, Dr. Navarrete concluded that the rate of $7.00 per hour is "very correct because as a doctor also I know what it's like to work with that type of patient."

Holt was unable to secure any nursing care for Carmen at any rate of compensation. With defendant carrier's permission, Holt presented a plan to address care for Carmen. It included setting up an account for Yolanda in Cardenas, arranging to have funds for atten-

dant care wired to this account, supplying names of the trained individuals Dr. Navarrete mentioned to Yolanda and Porfirio, and having Yolanda and Porfirio pay for attendant care as they saw fit.

In response, plaintiff's attorney contacted Dr. Navarrete and asked him to locate nurses who would be willing to care for Carmen. Dr. Navarrete did find two nurses who were willing to work. These nurses contacted Holt and indicated that they were willing to work from Monday through Saturday from 8:00 in the morning to 8:00 in the evening (six hours for each nurse) at a rate of $7.00 per hour. This information was passed on to defendant carrier, and defendant carrier never mentioned its refusal to use the nurses Dr. Navarrete identified.

One of these nurses, Gloria de Leon, confirmed that she and her colleague, Julieta Segura, planned to charge $7.00 per hour. She also denied Holt's suggestion that plaintiff's counsel told her how much to charge. For approximately two weeks, Porfirio paid de Leon and Segura a total of $1,008.00 for two weeks of nursing care at the rate of $7.00 per hour.

Porfirio and Yolanda have provided over 22,000 hours of care, but defendant carrier has only paid $4,000 to Porfiro and has made no payments to Yolanda. In its opinion and award entered 9 August 2002, the Full Commission awarded plaintiff the following:

1. The defendants shall pay Yolanda Fuentes for attendant care she has rendered to J. Carmen Fuentes at the reasonable rate of $7.00 per hour for the hours she has worked plus interest at the legal rate set out in N.C. Gen. Stat. §24-1 until paid. This amount is subject to the attorney fee awarded in paragraph 6.

2. The defendants shall pay Porfirio Fuentes for attendant care he has rendered to J. Carmen Fuentes at the reasonable rate of $7.00 per hour for the hours he has worked plus interest at the legal rate set out in N.C. Gen. Stat. §24-1 until paid. This amount is subject to the attorney fee awarded in paragraph 6.

3. Defendants do not dispute that they owe Yolanda Fuentes $3.00 per hour for attendant care. Should defendants appeal this Opinion and Award, notwithstanding the appeal they SHALL IMMEDIATELY pay to Yolanda Fuentes the undisputed amount of $3.00 per hour for the care she has rendered plus interest at the legal rate set out in N.C. Gen. Stat. §24-1 until paid. N.C. Gen. Stat. §86.1.

4. Defendants do not dispute that they owe Porfirio Fuentes $3.00 per hour for attendant care. Should defendants appeal this Opinion and Award, notwithstanding the appeal they SHALL IMMEDIATELY pay to Porfirio Fuentes the undisputed amount of $3.00 per hour for the care he has rendered plus interest at the legal rate set out in N.C. Gen. Stat. §24-1 until paid. N.C. Gen. Stat. §86.1.

5. For future care, defendants shall pay Yolanda Fuentes, Porfirio Fuentes, or any qualified person the reasonable rate of $7.00 per hour. This amount is not subject to an attorney fee.

6. The defendants shall pay to the plaintiff's counsel a fee equal to twenty-five percent of the lump sum amount retroactively paid for attendant care for attorney's fees.

Both sides appealed. On appeal, defendants claim that the Industrial Commission erred by (1) determining that $7.00 per hour was a reasonable rate of compensation for nurses in Mexico, (2) concluding that Porfirio and Yolanda Fuentes were entitled to $7.00 per hour for past and future medical care, and (3) awarding interest on retroactive attendant care. Plaintiff argues that the Industrial Commission erred by failing to determine whether defendants contested plaintiff's claim for retroactive care without reasonable grounds.

The standard of review in this case is limited to "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Full Commission is the "sole judge of the weight and credibility of the evidence[.]" *Id.* An appellate court reviewing a workers' compensation claim "does not have the right to weigh the evidence and decide the issue on the basis of its weight." *Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965). "The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Id.* If there is any evidence at all, taken in the light most favorable to the plaintiff to support it, the finding of fact stands, even if there is substantial evidence going the other way. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). With these principles in mind, we consider the case before us.

PALMER v. JACKSON

[161 N.C. App. 642 (2003)]

## I. Defendants' Assignments of Error

**[1]** Defendants argue that the Commission erred in determining that $7.00 per hour was a reasonable rate of compensation for nurses in plaintiff's community in Mexico. In particular, defendants take issue with the following finding of fact:

> 24. In light of the stressful conditions encountered by a nurse caring for a patient in his rural home, the difficulty and extent of care required by a patient in a persistent vegetative state, as well as the customary rate of compensation received by a nurse in a government clinic who performs much less difficult work in better conditions, the reasonable rate of compensation received by a nurse in J. Carmen Fuentes' community is $7.00 per hour.

We conclude that there is competent evidence to support the Commission's finding in this regard. A physician in Mexico, Dr. Silvestre Carrizales Navarrete, conducted an investigation into the cost of nursing care in the town nearest to Carmen's home. The doctor also estimated the rate nurses in Mexico should be paid to take care of Carmen. Dr. Navarrete concluded that nurses who would have to take care of Carmen in his rural home would have more difficult work than government nurses who earn 8,000 pesos per month. He explained:

> [T]o go take care of—in your own vehicle to do something a lot more and a lot different than what a regular nurse would do that works for the government that makes 8,000 pesos, I think it's a lot harder and it's much more stressful. Example, there is no bathroom there. They don't have a floor there; it's concrete. The conditions of their home, I mean, I think all of that stuff should be taken into consideration and if you ask me for my opinion the conditions there are very hard.

Similarly, when comparing ordinary nursing to working with a patient who is in a persistent vegetative state, Dr. Navarrete stated, "It's just totally different." Finally, Dr. Navarrete did indicate that $7.00 per hour was a reasonable rate of compensation. He concluded that the rate was "very correct because as a doctor also I know what it's like to work with that type of a patient." Since there is competent evidence to support finding of fact 24, this assignment of error is overruled.

**[2]** Defendants also contend that Porfirio and Yolanda are not entitled to $7.00 per hour because they have no formal medical training. They object to the following finding of fact:

> 25. Based on the limited evidence presented regarding the hourly rate paid to nurses in plaintiff's community, the undersigned find $7.00 an hour to be an appropriate hourly rate for Porfirio Fuentes and Yolanda Fuentes. Porfirio Fuentes and Yolanda Fuentes have provided superb care for the plaintiff and that the plaintiff is in better condition under their care than he was when he was at UNC.

There is competent evidence to support the Commission's finding on this issue. By all accounts, Porfirio and Yolanda are doing an admirable job in caring for their ailing relative. Porfirio testified to some of the things he and Yolanda do for Carmen each day. They feed him (using a feeding tube), change his diapers, bathe him, take his blood pressure, and clean the feeding tube and the tracheotomy. Even defendants' medical case manager, Bruce Holt, vouched for the quality nursing care Porfirio and Yolanda are providing.

> Q. Thank you. You previously testified that the care that Porfirio and Yolanda have provided to Carmelo has been superb, is that correct?
>
> A. That is true, sir.
>
> Q. Can you more fully describe the quality of care he's received?
>
> A. To be—to be quite honest, I admire—I'm—I mean I'm in awe of the care that they have provided to Mr. Fuentes. Going down there . . . I was expecting to see a horror story, and it was—it was a hundred and eighty degrees opposite. . . . They have done a wonderful job, a superb job, in fact, in excess of what I've seen in many facilities with fully-staffed facilities basically.

Since there is competent evidence in the record supporting finding of fact 25, this assignment of error is overruled.

While plaintiff generally agrees with the Commission's determination of the hourly rate, plaintiff contends that the Commission erred by failing to consider the issue of overtime compensation. We disagree. As we have noted, there was competent evidence in the record to support the Commission's finding that $7.00 per hour is an

appropriate rate for the nursing care provided by Porfirio and Yolanda Fuentes. In making this determination, the Commission relied on competent evidence in the record. By not offering any additional funds, the Commission considered and implicitly rejected plaintiff's request for additional overtime compensation.

**[3]** In their final assignment of error, defendants contend that the Industrial Commission improperly awarded interest on retroactive attendant care.

N.C. Gen. Stat. § 97-86.2 (2001) states:

> In any workers' compensation case in which an order is issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing on the claim, until paid at the legal rate of interest provided in G.S. 24-1. If interest is paid it shall not be a part of, or in any way increase attorneys' fees, but shall be paid in full to the claimant.

In interpreting this statute, this Court has previously held that the Industrial Commission may require a defendant to pay interest on plaintiff's outstanding medical expenses. *Childress v. Trion, Inc.*, 125 N.C. App. 588, 590-92, 481 S.E.2d 697, 698-99, *disc. review denied*, 346 N.C. 276, 487 S.E.2d 541 (1997). Defendants argue that *Childress* is distinguishable from the case at bar because in the present case, the Full Commission awarded benefits directly to the family members who are taking care of plaintiff, instead of plaintiff himself. We do not believe that this distinction is persuasive. The Full Commission has the authority to award interest for plaintiff's outstanding medical expenses. In this case, the fact that the money is going directly to the two relatives who are taking care of a worker in a vegetative state, rather than the worker himself, does not preclude the Full Commission from awarding interest. This assignment of error is overruled.

## II. Plaintiff's Assignment of Error

**[4]** Plaintiff contends that the Commission failed to address whether defendants wrongfully defended the claim for retroactive care without reasonable grounds. This claim is unfounded as the Commission's award addresses attorney's fees:

6. The defendants shall pay to the plaintiff's counsel a fee equal to twenty-five percent of the lump sum amount retroactively paid for attendant care for attorney's fees.

It is apparent that the Commission did consider plaintiff's claim and awarded those fees which it believed to be appropriate. This assignment of error is unfounded.

We have reviewed all other assignments of error and found them to be without merit. Thus the opinion and award of the Full Commission is

Affirmed.

Judges TYSON and BRYANT concur.