* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the opinion of award, except for minor modifications. Accordingly, the Full Commission adopts the Opinion and Award of Deputy Commissioner Houser with minor modifications.
 * * * * * * * * * * * *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. This claim is the subject of an April 25, 2002, Opinion and Award by the Full Commission pursuant to which plaintiff was awarded ongoing total disability and medical compensation.
3. The parties stipulated into evidence before the Deputy Commissioner the following documentary exhibits:
 a. Stipulated Exhibit #1: Pre-Trial Agreement
 b. Stipulated Exhibit #2: Packet of Industrial Commission Forms and Filings
4. In addition to Stipulated Exhibits, the following Exhibits were admitted into evidence before the Deputy Commissioner:
 a. Plaintiff's Exhibit #1: Defendants' Responses to Plaintiff's Interrogatories
 b. Plaintiff's Exhibit #2: Defendants' Supplemental Answers to Plaintiff's Interrogatories 18 through 21
 c. Plaintiff's Exhibit #3: Plaintiff's Pre-Hearing Contentions and Analysis in Support of Motion to Compel and for Attorney's Fees
5. The main issue to be determined is whether plaintiff is entitled to be paid interest by defendants on the medical compensation portion of the previous final award, or whether no interest is payable where third-party health insurers originally paid plaintiff's medical bills. Each side has also moved for the award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. *Page 3 
 * * * * * * * * * * *
Based upon all of the competent evidence adduced from the record and the reasonable inferences arising therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 24, 1998, plaintiff was involved in an automobile accident in Virginia and sustained life-threatening injuries. Following the accident, plaintiff was transported by air to North Carolina Baptist Hospital where he remained through June 17, 1998. During this stay in the hospital, plaintiff underwent numerous surgeries due to the injuries to his lungs, heart, intestines, spleen, and ribs. Additionally, plaintiff suffered from kidney failure, severe abdominal swelling, and a post-splenectomy infection.
2. Plaintiff was readmitted to the hospital as the result of his injuries in July 1998, October 1999, and July 2000. Plaintiff has remained under active medical care since his accident.
3. Defendants denied plaintiff's claim, contending that it occurred outside the course and scope of his employment pursuant to the "coming and going" rule.
4. Former Deputy Commissioner W. Bain Jones, Jr., conducted a hearing in this matter on January 24, 2001, and filed an Opinion and Award on May 31, 2001, allowing plaintiff's claim for ongoing total and medical compensation and finding that plaintiff's injury arose out of and in the course and scope of his employment with defendant. Defendants then appealed the decision to the Full Commission. On April 25, 2002, the Full Commission filed an Opinion Award affirming former Deputy Commissioner Jones's Opinion and Award. Next, defendants appealed the Full Commission's Opinion and Award to the North Carolina Court of Appeals, which also affirmed the decision that the claim was compensable in a decision filed December 16, 2003. *Page 4 
5. Pursuant to the Court of Appeals decision in this case, defendants paid plaintiff past due total disability compensation with interest from the date of the initial hearing until paid, pursuant to N.C. Gen. Stat. § 97-86.2.
6. During the period of defendants' denial of plaintiff's claim, plaintiff's medical expenses were initially paid through his employer-provided, third-party health insurance plan whose premiums were partially paid by plaintiff. After plaintiff's discharge from employment in March 1999 and the expiration of his health insurance coverage through his employer under COBRA in or about September 2000, plaintiff's medical expenses were paid through his wife's health insurance plan. At a point subsequent to the Court of Appeals' decision in the case sub judice, defendants began paying for the medical expenses associated with plaintiff's injury by accident.
7. Plaintiff estimated that his out of pocket expenditures were approximately $8,000.00. Defendants have reimbursed plaintiff for his mileage and out-of-pocket medical expenses as well as all other medical expenses related to this claim. Based on plaintiff's testimony, it is hereby found that there are no outstanding medical expenses.
8. Neither plaintiff nor defendants prosecuted or defended this matter without reasonable grounds.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the undersigned conclude as follows:
 CONCLUSIONS OF LAW
1. The legislative intent of the Workers' Compensation Act is to provide an industrial injury act such that both employee and employer receive the benefits and protections of the Act. The Act contemplates mutual concessions by employee and employer to strike a balance between the rights *Page 5 
of both parties. The intent is not to provide a general health and accident insurance act or to provide benefit to one party without consideration of the rights of the other party. As such, care must be taken not to overstep the bounds of legislative intent by judicial legislation which attempts to make the Workers' Compensation Act an accident and health insurance act or which attempts to tip the balance between the parties by providing an additional benefit to one party without consideration of the rights of the other party. Winslow v.Carolina Conference Ass'n, 211 N.C. 571, 191 S.E.2d 403 (1937), See alsoLewter v. Abercrombie Enters., 240 N.C. 399, 82 S.E.2d 410 (1954). In the case at hand, the Full Commission concludes that an award to plaintiff of interest on medical expenses originally paid through his third-party health insurance plan and then his wife's health insurance plan, when said expenses are not outstanding, would constitute an unjustified benefit for plaintiff and would be far removed from the goals of the Workers' Compensation Act.
2. Historically, an award of interest pursuant to N.C. Gen. Stat. §97-86.2 has been granted to a plaintiff on an award of indemnity
benefits. N.C. Gen. Stat. § 97-86.2 states that
 In any workers' compensation case in which an order is issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing on the claim, until paid at the legal rate of interest provided in G.S. 24-1.
The first appellate case to address whether interest is payable on an award of medical expenses was Childress v. Trion, Inc.,125 N.C. App. 588, 481 S.E.2d 697, disc. review denied, 346 N.C. 276,487 S.E.2d 541 (1997).
3. Childress is distinguishable from the case sub judice. The underlying facts in Childress dealt with outstanding medical expenses. In this case, there are no outstanding medical expenses. Outstanding or unpaid medical expenses are those medical expenses that have not yet been paid. Stevenson v. Noel Williams Masonry, Inc., 148 N.C. App. 90, 96,557 S.E. 2d 554, 558 (2001). In *Page 6 
this case, plaintiff's medical expenses were paid through plaintiff's and his wife's third-party health insurance plans. Awarding interest to an employee on medical expenses which are not outstanding and for which the employee did not pay out of pocket but rather were paid by a third-party health insurance carrier was not the scenario referenced inChildress. In the case at hand, a third-party health insurance plan assumed liability for plaintiff's medical treatment and, once it was judicially determined that defendants were liable under the Workers' Compensation Act, defendant-employer and its workers' compensation insurance carrier assumed liability for plaintiff's medical treatment. In this scenario, the two insurance carriers provided cohesive coverage for plaintiff's medical treatment in such a way that plaintiff was not at risk of failing to receive medical treatment due to an inability to pay. The undersigned conclude that plaintiff is not entitled to interest on medical expenses which were paid by his and his wife's third-party health insurance plans and were thus not outstanding. However, plaintiff is entitled to interest on the approximately $8,000.00 plaintiff incurred in out-of-pocket medical expenses.
4. Because neither plaintiff nor defendants prosecuted or defended this matter without reasonable grounds, neither party is entitled to the award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v.Mountain Breeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
 AWARD
1. Defendants shall pay to plaintiff interest pursuant to the terms of N.C. Gen. Stat. § 97-86.2 on plaintiff's out-of-pocket expenditures related to his medical compensation and on such other medical costs as have been personally paid for by plaintiff. However, plaintiff's request for interest on *Page 7 
medical expenses paid for by his and his wife's third-party health insurance plans is denied. This Award is not subject to attorneys' fees.
2. Defendants shall pay the costs.
This the 18th day of October, 2007.
 S/______________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
 S/______________________ BUCK LATTIMORE COMMISSIONER
CONCURRING IN PART AND DISSENTING IN PART:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 8