I respectfully dissent from the majority's opinion that plaintiff is not entitled to interest on medical expenses that were paid by his and his wife's third-party health insurance carriers. I do, however, agree that neither plaintiff nor defendants are entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
In any workers' compensation case with an appeal resulting in an ultimate award to plaintiff, the carrier or employer shall pay interest on the final award or unpaid portion from the date of the initial hearing on the claim until paid. N.C. Gen. Stat. § 97-86.2. In Childress v.Trion, Inc., 125 N.C.App. 588, 481 S.E.2d 697 (1997), disc. rev. den.,346 N.C. 276, 487 S.E.2d 541 (1998), the Court of Appeals noted that in contested cases, plaintiffs often incur liability for all medical expenses if they lose, often paying significant out of pocket expenses for prescription drugs, travel, health insurance deductibles, or actual payment of medical expenses. Id. at 591, 481 S.E.2d at 699. The Court held that because the factual scenarios to determine plaintiff's out of pocket expenses are so numerous in workers' compensation cases, "the only reasonable construction is that any award of medical compensation for the plaintiff's benefit is covered by G.S. 97-86.2." Id.
 The Court also cited Powe v. Odell, 312 N.C. 410, 413, 322 S.E.2d 762, 764 (1984), stating, [T]he North Carolina Supreme Court commented that the goals of awarding interest include the following: "(a)[T]o compensate a plaintiff for loss of the use value of a damage award or compensation for delay in payment; (b) to prevent unjust enrichment to a defendant for the use value of the money, and (c) to promote settlement." All of these goals are met by the payment of *Page 9 
interest on an award of medical expenses to workers' compensation claimants. Childress v. Trion, Inc. at 592, 481 S.E.2d at 699.
In the case at bar, the record is not clear when and what medical expenses were paid by plaintiff, his or his wife's third-party health insurance, or defendant-carrier. In fact, both parties argued before Deputy Commissioner Houser that they knew what medical expenses had been paid by defendants, but that they did not know if there were any outstanding medical expenses that remained unpaid. Defendant-carrier could not provide information regarding which medical expenses were outstanding at the time the initial Opinion and Award from Deputy Commissioner Jones was entered. Thus, under this complex factual scenario, Childress requires the payment of interest on all of plaintiff's unpaid medical expenses from the date of the initial hearing until paid.
The majority finds that plaintiff's medical expenses were not outstanding and that the payment of interest would constitute an unjustified benefit for plaintiff and would be far removed from the goals of the Act. I respectfully disagree. The lack of information regarding when and what medical expenses were paid, or that the medical bills were paid by non-party health insurers while defendants defended against their own liability, should not relieve defendants from the provisions of the statute under Childress and Powe.
Therefore, for the above reasons, I would hold that plaintiff is entitled to interest pursuant to the terms of N.C. Gen. Stat. § 97-86.2
for the entire medical compensation portion of the Full Commission's final award from the date of the initial hearing until paid.
 S/______________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER *Page 1