DONNIE R. SPRINKLE, EMPLOYEE, PLAINTIFF v. LILLY INDUSTRIES, INC., EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA08-279

(Filed 18 November 2008)

**1. Workers' Compensation— interest—medical compensation**

The Industrial Commission did not err in a workers' compensation case by awarding under N.C.G.S. § 97-86.2 interest only on plaintiff's out-of-pocket expenditures related to his medical com-

**SPRINKLE v. LILLY INDUS., INC.**

[193 N.C. App. 694 (2008)]

pensation and on such other medical costs as have been person-
ally paid for by plaintiff, and by denying plaintiff's request for
interest on medical expenses paid for by his and his wife's third-
party health insurance plans because: (1) a third-party health
insurer may not reap the benefit of any award of interest under
the statute which specifically provides that interest may be paid
only to the employee; (2) plaintiff did not experience a loss of use
of his money nor was he disadvantage by an inability to pay for
care since he had a health insurance policy which contractually
shifted the risk of loss from plaintiff to the health insurer; (3)
the goal of compensating plaintiff for his loss or disadvantage is
not met by awarding interest on amounts of medical compen-
sation for which plaintiff was indemnified under his health pol-
icy; and (4) the legislative purpose and intent in enacting N.C.G.S.
§ 97-86.2 was not to create a penalty to employers and carriers
nor a windfall for the employee.

2. **Workers' Compensation— outstanding medical expenses—
sufficiency of findings of fact**

The Industrial Commission did not err in a workers' compen-
sation case by its finding of fact that there were no outstanding
medical expenses because: (1) the only outstanding medical ex-
penses the Commission needed to consider were those plaintiff
was responsible for paying; and (2) plaintiff's testimony that he
did not have any outstanding medical bills was competent evi-
dence to support this finding.

3. **Workers' Compensation— motion to compel discovery—
medical compensation—relevancy**

The Industrial Commission did not err in a workers' compen-
sation case by denying plaintiff's motion to compel discovery of
amounts of medical compensation paid by defendant carrier to
plaintiff's third-party health insurer because the information
was not relevant and plaintiff was not entitled to interest on
those amounts.

4. **Workers' Compensation— denial of attorney fees—failure
to show manifest abuse of discretion**

The Industrial Commission did not err in a workers' com-
pensation case by failing to award attorney fees to plaintiff
because plaintiff did not show a manifest abuse of discretion
by the Commission.

SPRINKLE v. LILLY INDUS., INC.

[193 N.C. App. 694 (2008)]

Appeal by plaintiff from opinion and award entered 31 October 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 October 2008.

*Walden & Walden, by Daniel S. Walden, for plaintiff-appellant.*

*Davis and Hamrick, L.L.P., by Shannon Warf Beach, for defendants-appellees.*

MARTIN, Chief Judge.

This matter is on appeal to the Court of Appeals for the second time. Defendant-employer Lilly Industries, Inc. and defendant-carrier Liberty Mutual Insurance Company first appealed the Commission's 25 April 2002 Opinion and Award, awarding plaintiff Donnie R. Sprinkle total disability compensation benefits at the rate of $532 per week and payment of all medical expenses resulting from plaintiff's injuries sustained in a car accident while traveling between work sites. The facts of the case are fully set out in our unpublished opinion and need not be recounted here. *Sprinkle v. Lilly Indus., Inc.*, 161 N.C. App. 741, 590 S.E.2d 23 (2003) (unpublished). This Court affirmed the Commission's Opinion and Award, rejecting defendants' argument that plaintiff's injury was not within the course and scope of his employment.

During the period of defendants' denial of plaintiff's claim, plaintiff's medical expenses were initially paid through his employer-provided, third-party health insurance plan, with premiums partially paid by plaintiff. After plaintiff's discharge from employment and the expiration of his health insurance coverage through his employer under COBRA, plaintiff's medical expenses were paid through his wife's health insurance plan. After the Court of Appeals' decision, defendants reimbursed plaintiff his out-of-pocket expenses, and defendants also reimbursed plaintiff's third-party health insurer the amounts it paid for treatment of plaintiff's injuries arising from his work-related accident. Defendants paid interest on portions of the disability award which were unpaid during the pendency of the appeal.

On 7 December 2005, plaintiff filed a request that his claim be assigned for hearing, asserting (1) he was entitled to interest on the award of medical compensation which was unpaid while the first appeal was pending, pursuant to N.C.G.S. § 97-86.2, and (2) he should be awarded attorney fees because defendants lacked reasonable

grounds to defend the claim for interest. Plaintiff also moved to compel defendants to provide verified answers to plaintiff's interrogatories. Absent complete information regarding the amount of medical compensation awarded, plaintiff estimated that the accrued interest would total nearly $200,000. The Commissioner who presided over the hearing filed an Opinion and Award on 10 October 2006 denying plaintiff's motion to compel, awarding plaintiff interest on out-of-pocket expenditures related to medical compensation or other amounts of medical costs personally paid for by plaintiff, and concluding plaintiff was not entitled to an award of attorney fees. Plaintiff appealed to the full Commission, a majority of which affirmed the deputy commissioner's Opinion and Award with minor modifications. The majority of the Commission specifically denied "plaintiff's request for interest on medical expenses paid for by his and his wife's third-party health insurance plans." One Commissioner dissented. Plaintiff appeals to this Court.

[1] N.C.G.S. § 97-86.2 provides for an award of interest to be made to the employee in situations, such as the present, where the employer or insurance carrier fails to pay compensation to the employee during the time when an appeal is pending before the Court of Appeals. Specifically, the statute states:

> In any workers' compensation case in which an order is issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing on the claim, until paid . . . .

N.C. Gen. Stat. § 97-86.2 (2007). Plaintiff argues that the plain language of the statute necessitates that "final award or unpaid portion thereof" includes all amounts of medical compensation awarded, including amounts reimbursable to a third-party health insurer, citing *Childress v. Trion, Inc.*, 125 N.C. App. 588, 591, 481 S.E.2d 697, 699, *disc. review denied*, 346 N.C. 276, 487 S.E.2d 541 (1997), which holds "any award of medical compensation for the plaintiff's benefit is covered by G.S. 97-86.2." Plaintiff asserts that the Commission erred in its conclusions of law that such an interpretation of the statute "would be far removed from the goals of the Workers' Compensation Act" and that *Childress* is distinguishable from the present case. Accordingly, plaintiff contends that the Commission erred in awarding interest only on "plaintiff's out-of-pocket expenditures related to

his medical compensation and on such other medical costs as have been personally paid for by plaintiff" and in denying "plaintiff's request for interest on medical expenses paid for by his and his wife's third-party health insurance plans."

"The Commission's conclusions of law are reviewed *de novo.*" *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004). Our interpretation of N.C.G.S. § 97-86.2 is guided by the following principles. "Generally, if the language of the statute is clear and not ambiguous, we must conclude that the General Assembly intended the statute to be implemented according to the plain meaning of its terms." *Childress*, 125 N.C. App. at 591, 481 S.E.2d at 699 (citing *Hyler v. GTE Products*, 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993)). However, "where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded." *Mazda Motors of Am., Inc. v. Sw. Motors, Inc.*, 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979) (internal quotation marks omitted). Although the Workers' Compensation Act "should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependants, and its benefits should not be denied by a technical, narrow, and strict construction," *Hollman v. City of Raleigh, Public Utils. Dep't*, 273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968), the appellate courts' "primary task in statutory construction is to ensure that the legislative intent is accomplished." *Radzisz v. Harley Davidson of Metrolina, Inc.*, 346 N.C. 84, 88, 484 S.E.2d 566, 569 (1997). We agree with the majority of the Commission that a literal interpretation of the language of N.C.G.S. § 97-86.2 would contravene the legislative purpose and intent behind its enactment.

This Court has previously noted: ·

[T]he goals of awarding interest include the following: "(a) [T]o compensate a plaintiff for loss of the use value of a damage award or compensation for delay in payment; (b) to prevent unjust enrichment to a defendant for the use value of the money, and (c) to promote settlement."

*Childress*, 125 N.C. App. at 592, 481 S.E.2d at 699 (quoting *Powe v. Odell*, 312 N.C. 410, 413, 322 S.E.2d 762, 764 (1984)). The first purpose listed seeks to provide compensation to an employee where that employee has suffered some loss or disadvantage by the employer or carrier's failure to pay the award. In the case before us, plaintiff

paid some of his medical expenses out-of-pocket but was indemnified by his health insurer for the majority of his medical expenses. *See* N.C. Gen. Stat. § 58-1-10 (2007) ("A contract of insurance is an agreement by which the insurer is bound to pay money or its equivalent or to do some act of value to the insured upon, and as an *indemnity or reimbursement* for the destruction, loss, or injury of something in which the other party has an interest." (emphasis added)). Upon an award to an employee for medical compensation, the Workers' Compensation Act provides that the health insurer "may seek reimbursement from the employee, employer, or carrier that is liable or responsible for the specific medical charge according to a final adjudication of the claim." N.C. Gen. Stat. § 97-90.1 (2007). By contrast, the third-party health insurer may not reap the benefit of any award of interest under the statute, which specifically provides that interest may be paid only to the employee. N.C. Gen. Stat. § 97-86.2 ("If interest is paid it shall not be a part of, or in any way increase attorneys' fees, but shall be paid in full to the claimant."). The issue before this Court concerns only whether the calculation of interest on an unpaid award should include *amounts of the award which were reimbursed to the third-party health insurer.* The parties do not dispute that interest should be calculated for the amounts of medical compensation reimbursed to plaintiff for his out-of-pocket expenses.

The compensatory element of the first purpose of awarding interest compels us to consider whether plaintiff in this case suffered loss or disadvantage by defendants' failure to pay the award of medical compensation while the appeal was pending before the Court of Appeals. Because plaintiff had a health insurance policy, which contractually shifted the risk of loss from plaintiff to the health insurer, *see* N.C. Gen. Stat. § 58-1-10, plaintiff did not experience a loss of use of his money nor was he disadvantaged by an inability to pay for care. Accordingly, in this case the goal of compensating plaintiff for his loss or disadvantage is not met by awarding interest on amounts of medical compensation for which plaintiff was indemnified under his health insurance policy.

Absent a compensatory purpose, the remaining purposes of awarding interest serve only to penalize the employer and the carrier for benefitting from the use value of the money and for electing not to settle the claim. However, to construe N.C.G.S. § 97-86.2 as a penalty is at odds with the general purpose of the Workers' Compensation Act. Our Courts have consistently recognized "[t]he purpose of the North Carolina Workers' Compensation Act is not only

to provide a swift and certain remedy to an injured worker, but also to ensure a limited and determinate liability for employers." *Radzisz*, 346 N.C. at 89, 484 S.E.2d at 569. Contrary to this purpose, to construe N.C.G.S. § 97-86.2 as a penalty would create an incentive for employers or carriers to pay the award before the appeal has been decided, which would provide a remedy to the *third-party health insurer* rather than the *injured worker*. Furthermore, rather than limiting employers' liability, it would increase their liability by an indefinite amount, which could be quite substantial as evidenced by the present case. We conclude that to construe N.C.G.S. § 97-86.2 as creating a penalty without a countervailing compensatory goal ignores the overall purpose of the Workers' Compensation Act.

Viewed another way, the award of interest to an employee on amounts of medical costs for which he was indemnified by a third-party health insurer, where it fails to compensate the employee for a loss or disadvantage, creates a windfall for the employee. Our Courts have repeatedly disfavored construction of the Workers' Compensation Act as creating a windfall. *See Radzisz*, 346 N.C. at 89, 484 S.E.2d at 569 ("[T]he [Workers' Compensation] Act in general and N.C.G.S. § 97-10.2 specifically were never intended to provide the employee with a windfall of a recovery from both the employer and the third-party tort-feasor."); *Pearson v. C.P. Buckner Steel Erection Co.*, 348 N.C. 239, 246, 498 S.E.2d 818, 822 (1998) ("To construe federal Medicaid statutes and regulations as preempting the state workers' compensation law under these circumstances would permit employers and carriers to reap a financial windfall in savings on medical expenses by denying liability for workplace injuries. This result would clearly undermine a central purpose of the Act, which is to provide 'swift and sure' compensation without protracted litigation."); *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 189-91, 345 S.E.2d 374, 381-82 (1986) (reversing an award of compensation that resulted in a windfall to plaintiff); *Conyers v. New Hanover Cty. Schools*, 188 N.C. App. 253, 259, 654 S.E.2d 745, 750, 751 (2008) (avoiding a result that "is not fair and just[,] as Defendant would be unduly burdened while Plaintiff would receive a windfall" and concluding a windfall for plaintiff would be "contrary to statutory intent"). *But see Helsius v. Robertson*, 174 N.C. App. 507, 516, 621 S.E.2d 263, 269 (2005) ("We recognize that the Workers' Compensation Act creates a system in which an employee may receive a 'windfall,' however the trial court has made specific findings of fact showing that this did not occur in the instant case."), *appeal dismissed and disc. review denied*, 360 N.C. 363, 629 S.E.2d 851 (2006).

In *Childress*, this Court addressed the potential for a windfall to plaintiff under N.C.G.S. § 97-86.2. The issue before this Court was "whether the Industrial Commission erred in requiring defendants to pay interest on plaintiff's outstanding medical expenses." *Childress*, 125 N.C. App. at 590, 481 S.E.2d at 698. Defendants in *Childress* argued that an award of interest on any portion of medical expenses would result in a windfall for plaintiff. *Id.* at 591, 481 S.E.2d at 699. In response to this contention, the Court wrote:

[W]e note that in contested cases, workers' compensation plaintiffs incur the liability for all medical expenses if they lose; that plaintiffs often pay significant out-of-pocket medical expenses for prescription drugs, travel, deductibles, or actual payment of medical expenses when there is no other way plaintiffs can obtain treatment; and that because the factual scenarios in determining whether plaintiffs in workers' compensation cases have incurred out-of-pocket expenses are so numerous, the only reasonable construction is that any award of medical compensation for the plaintiff's benefit is covered by G.S. 97-86.2.

*Id.* By this language, the Court recognized a compensatory element to the award of interest on outstanding medical expenses. Noting the disadvantages and losses that an employee suffers while waiting for a disposition of the claim, the Court specifically acknowledged that "any award of medical compensation *for the plaintiff's benefit*" included interest. *Id.* (emphasis added). However, as noted above, interest awards on amounts reimbursed to a third-party health insurer are not for plaintiff's benefit.

For the foregoing reasons, we conclude that the legislative purpose and intent in enacting N.C.G.S. § 97-86.2 was not to create a penalty to employers and carriers nor a windfall for the employee; therefore, the language "final award or unpaid portion thereof," N.C. Gen. Stat. § 97-86.2, must not include amounts of medical compensation for which plaintiff was indemnified by his health insurer and which were reimbursable to the third-party health insurer.

[2] Plaintiff assigns error also to the Commission's findings of fact, asserting that no competent evidence supported the Commission's finding that there were no outstanding medical expenses. "The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). At the hearing,

plaintiff testified that, to his knowledge, he did not have any outstanding medical bills, and no other evidence was presented of any outstanding medical bills. Plaintiff argues his testimony was insufficient to establish whether there were any outstanding bills mailed to either his third-party health insurer or to defendant-carrier. In light of our holding in this opinion, the only outstanding medical expenses the Commission needed to consider were those plaintiff was responsible for paying. Plaintiff's testimony that he did not have any outstanding medical bills was competent evidence to support the Commission's findings of fact.

[3] We also conclude that the Commission did not err in denying plaintiff's motion to compel discovery because plaintiff sought to discover amounts of medical compensation paid by defendant-carrier to plaintiff's third-party health insurer. Because plaintiff is not entitled to interest on those amounts, for the reasons stated above, the information was not relevant and the motion was properly denied.

[4] Lastly, plaintiff argues that the Commission abused its discretion in failing to award attorney fees to plaintiff. The award of attorney fees is within the Commission's discretion, as provided in the Workers' Compensation Act: "If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1 (2007); *see also Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 398, 298 S.E.2d 681, 685 (1983) ("G.S. 97-88.1 places the award of attorneys' fees in the discretion of the Commission . . . ."). "[T]he Commission's determination [of matters within its sound discretion] will not be reviewed on appeal absent a showing of manifest abuse of discretion." *Lynch v. M.B. Kahn Constr. Co.*, 41 N.C. App. 127, 131, 254 S.E.2d 236, 238 (1979). Plaintiff has not shown a manifest abuse of discretion; therefore, we overrule this assignment of error.

Affirmed.

Judges McGEE and STEPHENS concur.