INMAN, Judge.
 

 *783
 
 A defendant may not argue on appeal that the North Carolina Industrial Commission lacks the authority to award fees for attorneys to be paid out of an award of medical compensation without preserving the issue before the Commission. An award of attendant care compensation will be upheld where the Commission's findings of fact are supported by competent evidence and the findings of fact support the Commission's conclusion of law that the attendant care services are reasonable and necessary.
 

 Carolina Holdings, Wolseley Management, and ACE USA/ESIS ("Defendants") appeal from an Opinion and Award of the Full Commission of the North Carolina Industrial Commission (the "Commission"), wherein the Commission awarded retroactive and ongoing medical compensation for attendant care services for Christopher S. Reed ("Mr. Reed" or "Plaintiff"), and twenty-five percent of the retroactive medical compensation to be paid to Mr. Reed's attorney as an attorney's fee.
 

 Defendants contend the Commission erred in awarding attendant care services and exceeded its authority in granting an attorney's fee award to be deducted from the retroactive award of attendant care. Mr. Reed filed a motion to dismiss Defendants' appeal for failure to properly preserve their challenge to the attorney's fee award below. After careful review, we affirm the Commission's award of attendant care services and grant Mr. Reed's motion to dismiss Defendant's appeal as to the award of attorney's fees.
 

 Factual and Procedural History
 

 Mr. Reed began working with Defendants on 20 May 1998. On 26 June 1998, Mr. Reed sustained a traumatic brain injury along with
 
 *784
 
 injuries to his shoulder, back, and other body parts when a stack of building supplies collapsed on top of him. Defendants accepted liability for Mr. Reed's injuries and provided compensation for Mr. Reed's lost income and medical treatment resulting from the injury. Psychological and psychiatric evaluations over the next decade indicated that Mr. Reed's cognitive and emotional condition continued to deteriorate and that Mr. Reed was not reliably taking prescribed medication. In 2010, a forensic psychiatrist diagnosed Mr. Reed with a cognitive disorder, obsessive compulsive disorder, and a mood disorder.
 

 On 18 March 2011, Mr. Reed filed a Form 33 requesting that the Commission hear his claim for attendant care compensation. Following a hearing, Deputy Commissioner George R. Hall, III entered an Opinion and Award requiring Defendants to pay Mr. Reed's mother ("Mrs. Reed") ten dollars per hour for twenty-four hours per day, seven days per week from 27 June 1998 through the date of the Opinion and Award and continuing, and allowing Mr. Reed's counsel to deduct twenty-five percent of the back due attendant care owed from the award as a reasonable attorney's fee. The Deputy Commissioner denied Mr. Reed's counsel's request to deduct twenty-five percent of the compensation for future attendant care as an attorney's fee.
 

 Defendants appealed the award to the Full North Carolina Industrial Commission pursuant to
 
 N.C. Gen. Stat. § 97-85
 
 and Rule 701 of the North Carolina Industrial Commission. Mr. Reed appealed to the Full Commission pursuant to N.C. Gen Stat. § 97-90(c) that portion of the award denying the claim for attorney's fee to be deducted from future medical compensation.
 

 On appeal from the Deputy Commissioner's decision, the Commission received additional evidence with respect to Mr. Reed's attendant care claim. Defendants offered surveillance evidence conducted from July 2012 through November 2012 in support of their contention that Mr. Reed does not require
 
 *105
 
 attendant care. This evidence included testimony by three private investigators regarding Mr. Reed's ability to perform daily activities, his physical limitations, and his regular residence. Mr. Reed introduced additional deposition testimony by himself, his mother, his friend Jessica Lloyd, and two of his doctors.
 

 After reviewing the additional evidence, the Commission entered its Opinion and Award on 17 April 2015. The Commission made extensive findings of fact and conclusions of law and issued the following award:
 

 1. Plaintiff's request for compensation for attendant care services provided to him from March 18, 2007 to March 17,
 
 *785
 
 2011 is DENIED. Plaintiff's request for attendant care services provided to him beginning March 18, 2011 to the present and continuing is GRANTED. From March 18, 2011, through the present and continuing, Defendants shall pay Plaintiff's mother, Mrs. Reed, for 8 hours per day, 7 days per week of attendant care services she has provided and continues to provide to Plaintiff at a reasonable rate agreed upon by the parties. The amounts awarded are subject to the attorneys' fee set forth below.
 

 2. As a reasonable attorney's fee, Plaintiff's counsel is entitled to be paid 25% of all accrued retroactive attendant care compensation herein. Defendants shall deduct 25% from the accrued amount and pay it directly to Plaintiff's counsel as a reasonable attorney's fee. Plaintiff's counsel request for 25% of future attendant care payments is DENIED. However, Plaintiff's counsel may seek additional compensation if future attendant care issues arise.
 

 Following the Commission's Opinion and Award, the parties respectively filed a series of pleadings in three forums:
 

 • On 30 April 2015, Mr. Reed filed with the Wake County Superior Court a notice of appeal from the Opinion and Award pursuant
 
 N.C. Gen. Stat. § 97-90
 
 (c) regarding the Commission's denial of his request for attorney's fees to be deducted from future attendant care compensation.
 

 • On 5 May 2015, Defendants filed with the Commission a Motion for Reconsideration arguing-apparently for the first time-that the Commission had erred in awarding any attorney's fees from medical compensation awarded to Mr. Reed. The Motion cited the same legal authorities that would later be raised in Defendants' appeal to this Court. The record does not reflect that Defendants raised this issue or presented these legal arguments previously before either Deputy Commissioner Hall or the Commission.
 
 [1]
 

 *786
 
 • On 13 May 2015, Defendants filed with this Court a notice of appeal from the Commission's Opinion and Award.
 

 • Two days later, on 15 May 2015, Defendants filed with the Wake County Superior Court a pleading captioned "Defendants' Response to Plaintiff's Notice of Appeal of Award of Attorney's Fees," asserting the same argument Defendants presented to the Commission in their Motion for Reconsideration. Defendants asked the Wake County Superior Court to reverse the Commission's award of attorney's fees to Mr. Reed "or at the very least allow for this matter to be decided by the Full Commission" based on Defendants' then pending Motion for Reconsideration.
 
 [2]
 

 • On 2 June 2015, the Commission filed an Order concluding that Defendants' appeal to the Wake County Superior Court deprived the Commission of jurisdiction to reconsider its Opinion and Award.
 

 • On 10 June 2015, Defendants filed a Motion to Intervene in the Wake County
 
 *106
 
 Superior Court proceeding initiated by Mr. Reed.
 

 • On 23 June 2015, the Superior Court entered an order allowing Defendants to intervene in that proceeding, but holding the case in abeyance pending the outcome of Defendants' appeal to this Court.
 

 On appeal before this Court, Defendants challenge the Commission's findings of fact related to Mr. Reed's ability to function independently, his need for around the clock monitoring, the medical necessity of his attendant care services, and the weight given to Defendants' surveillance evidence. Defendants also challenge the Commission's authority to award attorney's fees pursuant
 
 N.C. Gen. Stat. § 97-90
 
 (c) to be deducted from an award of attendant care compensation. Mr. Reed has filed a motion to dismiss Defendants' appeal as to the issue of attorney's fees.
 

 *787
 

 Plaintiff's Motion to Dismiss Defendants' Appeal
 

 Mr. Reed's motion to dismiss asserts (1) that Defendants lack standing to challenge an award of attorney's fees; (2) that our Court lacks subject matter jurisdiction regarding attorney's fees because the Superior Court has exclusive jurisdiction regarding such fees; and (3) that our Court lacks subject matter jurisdiction because Defendants failed to preserve their argument regarding the Commission's authority to grant attorney's fee awards from medical compensation. After careful review, we agree that Defendants failed to preserve their argument regarding the Commission's authority to award attorney's fees to be deducted from attendant care compensation. We therefore dismiss Defendants' appeal with respect to that issue.
 

 Rule 701 of the North Carolina Industrial Commission states:
 

 (2) After receipt of notice of appeal, the Industrial Commission will supply to the appellant a Form 44 Application for Review upon which appellant must state the grounds for appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner and, when applicable, the pages in the transcript on which the alleged errors are recorded.
 

 (3) Particular grounds for appeal not set forth in the application for review shall be deemed abandoned, and argument thereon shall not be heard before the Full Commission.
 

 Workers' Comp. R. of N.C. Indus. Comm'n 701, 2011 Ann. R. (N.C.) 1070-71. It is well established that "the portion of Rule 701 requiring appellant to state with particularity the grounds for appeal may not be waived by the Full Commission."
 
 Roberts v. Wal-Mart, Inc.
 
 ,
 
 173 N.C.App. 740
 
 , 744,
 
 619 S.E.2d 907
 
 , 910 (2005). "[T]he penalty for non-compliance with the particularity requirement is waiver of the grounds, and where no grounds are stated, the appeal is abandoned."
 
 Wade v. Carolina Brush Mfg. Co.
 
 ,
 
 187 N.C.App. 245
 
 , 249,
 
 652 S.E.2d 713
 
 , 715-16 (2007) (citations omitted). Applying established precedent to the record in this case, we conclude that although Defendants preserved their objection to the award of attorney's fees as a derivative of their objection to the award of attendant care compensation, Defendants failed to preserve a challenge to the Commission's authority to award attorney's fees deducted from such compensation. There is no indication in the record that this issue was raised at all before the Commission prior to the Opinion and
 
 *788
 
 Award from which this appeal arises. Defendants pleaded only a generalized assignment of error regarding the attorney's fee award. There is no indication in the record that Defendants stated in any form or fashion the basis of their objection to the award of attorney's fees with sufficient particularity to give Mr. Reed or the Commission notice of a legal issue to be addressed on appeal from the Deputy Commissioner's decision.
 

 Defendants argue they preserved the issue of attorney's fees on appeal to the Full Commission because the fifteenth-and last-assignment of error in their Form 44 referred to the Deputy Commissioner's award of attorney's fees. Assignment of Error 15 stated:
 

 For all the reasons stated above, Award # 2 is contrary to law, is not supported by
 
 *107
 
 the findings of fact and is contrary to the competent and credible evidence of record.
 

 Although neither the word "attorney" nor the word "fee" is mentioned in the assignment of error, Paragraph No. 2 under the heading "Award" in the Deputy Commissioner's Opinion and Award provides for the award of attorney's fees. Therefore, the fifteenth assignment of error could be said to identify the attorney's fee award in general. As for the basis of the objection, however, the assignment simply states it is "[f]or all the reasons stated above...." The reasons stated above,
 
 i.e.
 
 , assignments of error 1 through 14, challenge factual findings and conclusions of law related to whether Mr. Reed requires attendant care and whether Mr. Reed and his mother are entitled to reimbursement for attendant care services. So Defendants' objection to the award of attorney's fees appears to be based solely on their objections to the award of attendant care compensation. None of the prior assignments challenge the Commission's authority to award attorney's fees to be deducted from attendant care compensation.
 

 The fifteenth assignment of error is similar to the assignment of error that this Court found insufficient to preserve a challenge to a deputy commissioner's award of attorney's fees in
 
 Adcox v. Clarkson Bros. Constr. Co.,
 

 236 N.C.App. 248
 
 , 254,
 
 773 S.E.2d 511
 
 , 516 (2015). That assignment of error challenged an award
 

 on the grounds that it is based upon Findings of Fact and Conclusions of Law which are erroneous, not supported by competent evidence or evidence of record, and are contrary to the competent evidence of record, and are contrary to law: Award Nos. 1-3.
 

 Id.
 

 *789
 
 Although the assignment of error in
 
 Adcox
 
 mentioned the paragraph number corresponding to attorney's fees in the deputy commissioner's award, this Court held that the generalized assignment "covers everything and touches nothing."
 
 Id.
 
 at 255,
 
 773 S.E.2d at 516
 
 (citation and quotation marks omitted). The assignment did "not state the basis of any objection to the attorneys' fee award with sufficient particularity to give [the] plaintiff notice of the legal issues that would be addressed by the Full Commission such that he could adequately prepare a response."
 

 Id.
 

 (citation omitted). The Court in
 
 Adcox
 
 compared the insufficient assignment of error there to the appellant's assignment of error in
 
 Walker v. Walker
 
 ,
 
 174 N.C.App. 778
 
 , 782,
 
 624 S.E.2d 639
 
 , 642 (2005).
 
 Adcox
 
 ,
 
 236 N.C.App. at 255
 
 ,
 
 773 S.E.2d at 516
 
 . The assignment of error in
 
 Walker
 
 , analogous to that in
 
 Adcox
 
 and in this case, asserted that several rulings of the trial court were "erroneous as a matter of law."
 
 Walker
 
 ,
 
 174 N.C.App. at 782
 
 ,
 
 624 S.E.2d at 642
 
 . This Court held that the assertion "that a given finding, conclusion, or ruling was 'erroneous as a matter of law' completely fails to
 
 identify
 
 the issues actually briefed on appeal."
 
 Id
 
 . (emphasis in original).
 

 Defendants contend that they did properly raise sufficient grounds in their brief to the Commission to preserve their challenge to the Commission's authority to grant attorney's fees from an award of attendant care compensation. They rely on this Court's decision in
 
 Cooper v. BHT Enters.
 
 ,
 
 195 N.C.App. 363
 
 ,
 
 672 S.E.2d 748
 
 (2009). In
 
 Cooper
 
 , the plaintiff asserted that the defendant's failure to file a Form 44 constituted abandonment of the grounds for the defendant's appeal from a deputy commissioner's decision to the Commission, and therefore the Commission erred in hearing the appeal.
 
 Id.
 
 at 368,
 
 672 S.E.2d at 753
 
 . But this Court concluded that "both this Court and the plain language of the Industrial Commission's rules have recognized the Commission's discretion to waive the filing requirement of an appellant's Form 44 where the appealing party has stated its grounds for appeal with particularity in a brief or other document filed with the Full Commission," and overruled the plaintiff's argument.
 
 Id.
 
 at 369,
 
 672 S.E.2d at 753-54
 
 . Thus, the Court in
 
 Cooper
 
 refused to put form over substance and affirmed the Commission's discretion to hear an issue that had been stated with particularity.
 

 Here, unlike in
 
 Cooper,
 
 we find in the record no substance that can mend the insufficiency of Defendants' Form 44. Although Defendants contend in response to the Motion to Dismiss that they stated their challenge
 
 *108
 
 to the Commission's authority to award attorney's fees in their brief to the Commission on appeal from the Deputy Commissioner's
 
 *790
 
 decision, they did not include the referenced brief in the record. Nor did Defendants seek to supplement the record with the referenced brief in response to the Motion to Dismiss. We have searched the record and find no such pleading filed with the Commission by Defendants regarding attorney's fees other than the Defendants' Motion for Reconsideration, which Defendants filed
 
 after
 
 the Commission had issued its Opinion and Award. Like the defendants in
 
 Adcox
 
 , Defendants do not point to any support in the record indicating that they raised this issue in their appeal from the Deputy Commissioner's decision. Nor do Defendants point to any indication in the record that the Commission sought to exercise its discretion to determine this issue. As discussed further
 
 infra
 
 , the only pleadings in the record regarding this issue were filed
 
 after
 
 the Commission had issued its Opinion and Award. Accordingly, we hold Defendants abandoned their argument that the Commission lacked the authority under the Act to grant an award of attorney's fees out of an award of attendant care compensation, and dismiss Defendants' appeal as to this issue.
 

 The dissenting opinion asserts that we decline to address the issue of attorney's fees "solely because Defendants did not include a copy of their supporting legal brief to the Full Commission in the long settled record on appeal." To be clear, we hold that because there is no indication in the record that Defendants raised the issue before the Commission and there is no indication that the Commission addressed the issue, we have no jurisdiction to review it. This is not a case of a technicality foreclosing review based on an inadvertent omission in the record. Not only did Defendants not include in the record the brief they now claim preserved the issue, but they failed to supplement the record with the referenced brief when challenged to point to any portion of the record preserving the issue for review. Indeed, the record reflects only that after the Commission issued its Opinion and Award, Defendants filed a Motion for Reconsideration regarding the attorney's fee issue. That pleading tellingly does not refer to Defendants having raised the issue in any prior brief or argument to the Commission.
 

 The dissent seeks to justify a different result by relying on inapposite case authority. In
 
 Tucker v. Workable Company
 
 ,
 
 129 N.C.App. 695
 
 , 701,
 
 501 S.E.2d 360
 
 , 365 (1998) the parties had mistakenly stipulated before the Commission that the worker's weekly salary was $659.70 per week although it was actually $157.80 per week. The employer discovered the error after the Commission's Opinion and Award and sought reconsideration, which the Commission denied.
 

 Id.
 

 This Court reversed the denial and remanded the matter to the Commission.
 

 Id.
 

 *791
 
 The award of attorney's fees from attendant care compensation does not arise from a factual mistake or a legal error that has previously been recognized by this Court or the Supreme Court of North Carolina. It is an issue of first impression requiring careful interpretation of the Workers' Compensation Act. We cannot circumvent the limits of our jurisdiction to address a watershed issue with broad reaching consequences.
 

 Because we dismiss Defendants' appeal regarding the Commission's authority to award attorney's fees from attendant care compensation based on their abandonment of the issue before the Commission, we need not address the other arguments presented by Plaintiff in his Motion to Dismiss.
 

 Award of Attendant Care Compensation
 

 Defendants assign error to the Commission's award of attendant care compensation by asserting there was insufficient evidence to support the Commission's findings of fact and therefore, the findings of fact do not support the Commission's conclusions of law. We disagree.
 

 A. Standard of Review
 

 When reviewing an award from the Commission, our review is limited to determining: (1) whether the findings of fact are supported by competent evidence, and (2) whether those findings support the Commission's conclusions of law.
 

 *109
 

 Chambers v. Transit Mgmt.
 
 ,
 
 360 N.C. 609
 
 , 611,
 
 636 S.E.2d 553
 
 , 555 (2006). Unchallenged findings of fact "are 'presumed to be supported by competent evidence' and are, thus 'conclusively established....' "
 
 Chaisson v. Simpson
 
 ,
 
 195 N.C.App. 463
 
 , 470,
 
 673 S.E.2d 149
 
 , 156 (2009) (quoting
 
 Johnson v. Herbie's Place
 
 ,
 
 157 N.C.App. 168
 
 , 180,
 
 579 S.E.2d 110
 
 , 118 (2003) ). "The Commission's conclusions of law are reviewed
 
 de novo
 
 ."
 
 McRae v. Toastmaster, Inc.
 
 ,
 
 358 N.C. 488
 
 , 496,
 
 597 S.E.2d 695
 
 , 701 (2004) (citation omitted). "An opinion and award of the Industrial Commission will only be disturbed upon the basis of a patent legal error."
 
 Roberts v. Burlington Indus., Inc.
 
 ,
 
 321 N.C. 350
 
 , 354,
 
 364 S.E.2d 417
 
 , 420 (1988).
 

 B. Analysis
 

 In North Carolina, the Workers' Compensation Act provides employees compensation for injuries sustained within the course and scope of employment, charging employers with the responsibility to cover costs such as medical compensation.
 
 N.C. Gen. Stat. § 97-1
 

 et seq.
 
 (2015). The Act defines medical compensation as:
 

 *792
 
 medical, surgical, hospital, nursing, and rehabilitative services, including, but not limited to, attendant care services prescribed by a health care provider authorized by the employer or subsequently by the Commission, vocational rehabilitation, and medicines, sick travel, and other treatment, including medical and surgical supplies, as may reasonable be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability; and any original artificial members as may reasonably be necessary at the end of the healing period and the replacement of such artificial members when reasonably necessitated by ordinary use or medical circumstances.
 

 N.C. Gen. Stat. § 97-2
 
 (19).
 
 [3]
 
 To award medical compensation, and specifically attendant care services, the Commission must make findings from competent evidence to support its conclusion that the attendant care services were reasonable and necessary as a result of the employee's injury.
 
 See
 

 Shackleton v. Southern Flooring & Acoustical Co.
 
 ,
 
 211 N.C.App. 233
 
 , 245,
 
 712 S.E.2d 289
 
 , 297 (2011). Such competent evidence includes, but is not limited to: "a prescription or report of a healthcare provider; the testimony or a statement of a physician, nurse, or life care planner; the testimony of the claimant or the claimant's family member; or the very nature of the injury."
 
 Id.
 
 at 250-51,
 
 712 S.E.2d at 300
 
 .
 

 Here, the Commission made the following findings of fact, which Defendants challenge, in support of its conclusion that Mr. Reed's attendant care services were reasonable and necessary:
 

 6. Dr. Prakken [Mr. Reed's physician] also opined that Plaintiff is not able to function independently. Plaintiff cannot effectively shop for himself, pay his own bills, or set up his own appointments because of his obsessive compulsive symptoms and his high level of anxiety. He is inconsistent with his activities of daily living. Dr. Prakken compared Plaintiff's levels of function with that of an 8-year-old child and testified that Plaintiff could
 
 *793
 
 not function outside an institution without his mother, Elizabeth Reed.
 

 7. Since Plaintiff's injury, Mrs. Reed has been caring for him. The attendant care services Mrs. Reed provides for Plaintiff include shopping for him, cooking, transporting and attending with Plaintiff most medical visits, cleaning, providing money management, scheduling medical appointments, reminding him to bathe and attend to personal hygiene, making sure he takes his prescription medications, monitoring his status 24 hours per day, seven days per week since Plaintiff's behavior and sleeping habits are unpredictable, calming him down during an anxiety attack or other crisis. Mrs. Reed has not worked in the
 
 *110
 
 competitive labor market since Plaintiff's accident.
 

 8. Prior to his injury, Plaintiff was a fully functional college student who was able to function independently. There is no evidence that he would have become wholly dependent on the care of his mother, but for the compensable accident at work and resulting traumatic brain injury.
 

 ...
 

 33. Dr. Prakken was deposed for a second time after the reopening of the record in this matter. Dr. Prakken is board certified in psychiatry and pain management. He reviewed the surveillance taken by Defendants and testified that the surveillance evidence did not show Plaintiff's mental or emotional states and that Plaintiff's impairment is not the kind of impairment you can easily see in a snapshot. Dr. Prakken testified that his opinion regarding Plaintiff's need for attendant care has not changed and that Plaintiff need around the clock passive medical monitoring. Dr. Prakken explained that Plaintiff was one of the most anxious and ill patients he has had in his practice and that Plaintiff required attendant care because he has grave difficulties from his traumatic brain injury. Dr. Prakken testified that Plaintiff's decision-making process is so concrete and centered on what he feels at that moment that it leaves him very impulsive and he doesn't have the capacity to modulate those feelings and understand that he may feel differently later. Dr. Prakken further testified
 
 *794
 
 that Plaintiff's actions and his choices change moment to moment like his feelings do and that is something that requires management and he cannot live independently for even a moderate amount of time. For example, Dr. Prakken testified that living independently would leave Plaintiff impulsive about potential medication use and he would not be able to consistently pay bills, feed himself, or take care of his activities of daily living.
 

 34. As a part of his anxiety, Plaintiff also suffers from obsessive compulsive disorder which according to Dr. Prakken is like a "double whammy, where he's not only in this very, very short decision-making loop based solely on how he feels, but how he feels is just profused with anxiety." Dr. Prakken testified that if Plaintiff did not have attendant care he would need to be institutionalized and that Plaintiff has difficulty getting out of his internal anxiety state long enough to attend to the social needs of others and to efficiently be able to hold a job. With respect to Plaintiff's relationship with Ms. Lloyd, Dr. Prakken testified that Plaintiff longs to be normal and has a tendency to attach to people in a profound way if they show caring or liking for him. Dr. Prakken Believed that Ms. Lloyd was likely giving Mrs. Reed some extended care support.
 

 ...
 

 38. Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that the surveillance evidence submitted by Defendants does not show any activity in excess of Plaintiff's physical limitations, does not show Plaintiff performing any work activity and only showed Plaintiff performing very limited activities of daily living. The Full Commission gives great weight to the opinion testimony of Dr. Prakken and finds as fact that the surveillance videos and reports do not show Plaintiff's mental and emotional state.
 

 ...
 

 45. Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Mrs. Reed has provided reasonable and medically necessary, attendant care services for Plaintiff for which she should be compensated. Plaintiff needs 24 hours per day, 7 days
 
 *795
 
 per week attendant care services. Plaintiff has needed this level of care since his release from the hospital following his injury. As a result of his June 26, 1998 injury by accident, Plaintiff sustained severe injuries including fractures of the jaw, broken teeth, injuries to his head, shoulder, back and other body parts, and a traumatic brain injury. Plaintiff was hospitalized and underwent numerous surgeries for his injuries. Upon his release from the hospital, Plaintiff was no longer able to live by himself and he moved into his parents'
 
 *111
 
 house. Mrs. Reed testified that upon his release from the hospital, Plaintiff was no longer able to function independently and she had to "pretty much keep an eye on-on him." Defendants did not offer Plaintiff any attendant care services upon his release from the hospital and Mrs. Reed testified that she began providing Plaintiff attendant care services for his activities of daily living such as cooking, cleaning, and shopping for Plaintiff, transporting Plaintiff to his medical visits, and reminding Plaintiff to bathe and take his medication and assisting him with his physical and emotional needs. There are both active and passive elements to the medically necessary attendant care provided by Mrs. Reed. The passive elements of care include general monitoring of Plaintiff's medical and emotional state to some extent throughout each day and the fact that Mrs. Reed is "on-call" to help Plaintiff 24 hours per day 7 days per week. Even when Plaintiff is sleeping, which is sporadic and sometimes not at all on some nights, Mrs. Reed is available to assist Plaintiff. However, since Plaintiff is able to actually perform his own basic activities of daily living with prompting, spends long periods of time alone where only monitoring of him is required and asserts his desire to be independent by leaving home and going places on his own, the Full Commission finds that Mrs. Reed actually spends an average of 8 hours per day providing attendant care services to Plaintiff, even though he requires constant monitoring. The Full Commission further finds that Ms. Lloyd assists Plaintiff's mother with the passive monitoring Plaintiff requires when Plaintiff is visiting her.
 

 Based on these findings of fact, the Commission made and entered the following conclusion of law and award:
 

 *796
 
 3. With respect to attendant care services provided to Plaintiff from March 18, 2007 to March 17, 2011, Defendants did not have actual or written notice that Plaintiff needed attendant care services as a result of conditions related to his compensable injury and Plaintiff did not seek approval of those attendant care services until March 18, 2011 when he filed a Form 33. Plaintiff's request for attendant care services during the period from March 18, 2007 to March 17, 2011 was not sought within a reasonable time.
 
 N.C. Gen. Stat. §§ 97-2
 
 (19), 97-25 ;
 
 Mehaffey v. Burger King
 
 , [367] N.C. [120],
 
 749 S.E.2d 252
 
 (2013). However, Defendants had written notice through the Form 33 filed by Plaintiff on March 18, 2011 that Plaintiff needed attendant care services as a result of conditions related to his compensable injury. Under the circumstances of this case, the Full Commission concludes that Plaintiff sought approval from the Industrial Commission for attendant care services that were being provided by Mrs. Reed and that it is reasonable to retroactively compensate Mrs. Reed for attendant care services provided to Plaintiff from the date Defendants had actual notice that these services were being provided and Plaintiff was seeking reimbursement.
 
 Schofield v. Great Atl. & Pac. Tea Co.
 
 ,
 
 299 N.C. 582
 
 , 593,
 
 264 S.E.2d 56
 
 , 63 (1980). As a result of his compensable injury, Plaintiff is entitled to attendant care services in the amount of 8 hours per day, 7 days a week. Plaintiff is entitled to retroactive compensation for the attendant care services provided by Mrs. Reed for 8 hours per day, 7 days per week, from March 18, 2011 and continuing to through the present.
 
 N.C. Gen. Stat. §§ 97-2
 
 (19), 97-25 ;
 
 Mehaffey v. Burger King
 
 , [367] N.C. [120],
 
 749 S.E.2d 252
 
 (2013).
 

 ...
 

 1. Plaintiff's request for compensation for attendant care services provided to him from March 18, 2007 to March 17, 2011 is DENIED. Plaintiff's request for attendant care services provided to him beginning March 18, 2011 to the present and continuing is GRANTED. From March 18, 2011, through the present and continuing, Defendants shall pay Plaintiff's mother, Mrs. Reed, for 8 hours per day, 7 days per week of attendant care services she has provided and continues to provide to Plaintiff at a reasonable
 
 *797
 
 rate agreed upon by the parties. The amounts awarded are subject to the attorneys' fee set forth below.
 

 *112
 
 If these findings of fact are supported by competent evidence, they are conclusive on appeal, "even if there is evidence to support a contrary finding."
 
 Kelly v. Duke University
 
 ,
 
 190 N.C.App. 733
 
 , 738,
 
 661 S.E.2d 745
 
 , 748 (2008) (citing
 
 Morrison v. Burlington Industries
 
 ,
 
 304 N.C. 1
 
 , 6,
 
 282 S.E.2d 458
 
 , 463 (1981) ). We consider the following testimony by Dr. Steven Prakken:
 

 Q. To your knowledge, has Christophor [sic] ever moved to any t-any place other than the home of his mother, Elizabeth?
 

 A. No, not to my knowledge.
 

 Q. And, to your knowledge, has he continued to require the attendant care you have prescribed and testified as medically necessary in his case?
 

 A. Yes, his condition has not changed.
 

 Q. And, in your opinion, is that attendant care more likely than not going to be required in the future by his mother or friends and family members regardless of where he may be?
 

 A. Attendant-Attendant care will be needed.
 

 ...
 

 In my clinical experience, [Chris] is one of the most anxious and ill people that I have in my practice.
 

 ...
 

 His actions, and his choices, and his decisions change moment-to-moment like his feelings do. That is something that requires management. That is something that cannot live independently for an extern-for even a moderate amount of time, certainly not for an extended period of time.
 

 It will leave him impulsive about potentially medication use. It will leave him impulsive about taking a trip that he can't survive doing, like some f-you know, f-a thousand mile drive to somewhere that he suddenly has kind of a sudden passion to go do. He won't be able to be
 
 *798
 
 consistent about paying bills, or feeding himself, or taking care of his activities of daily living consistently.
 

 ...
 

 Obsessive compulsive disorder, which everybody is diagnosing him with, is an anxiety spectrum illness[.]
 

 ...
 

 And, so, that's-so, him, it's kind of a double whammy where he's not only in this very, very short decision-making loop based solely on how he feels, but how he feels is just perfused with anxiety. And that combination just makes his life quite miserable.
 

 And it's not something that he's going to be able to do-sorry-his-his life is not something he's going to be able to manage or handle on his own for any-even mildly extended period of time.
 

 Q. In your previous deposition, you indicated if he did not have attendant care, that he would probably have to be institutionalized or in some type of group facility. Is that still your opinion?
 

 A. Clearly....
 

 ...
 

 Q. And would it be helpful to Chris to visit friends in his own age group, such as Jessica Lloyd?
 

 A. Yes, it would be helpful for him to-to actually visit with any age group. And if it happens to be somebody in his own age group, that's even better, yes.
 

 ...
 

 So, [Ms. Lloyd], to me, is most likely giving the mom some attendant care support, so she can actually-mom can have a day or an ert-emergency, or a-a night out without Chris, with somebody. I mean-I mean, I'm sure she just goes nuts with him as much of the time-with-with-with-with the amount of time she has to spend with him.
 

 ...
 

 *799
 
 Q. And from your familiarity with the surveillance evidence, just generally, would surveillance evidence show his mental and emotional status in any way?
 

 A. It would not.
 

 ...
 

 Q. And if the surveillance evidence showed many days when no activity was observed, would that be consistent with Chris's condition?
 

 *113
 
 A. Certainly.
 

 In addition to the deposition of Dr. Prakken, the Commission heard testimony from Mr. Reed's mother, Mrs. Elizabeth Reed. The following excerpts of her testimony are relevant to our review:
 

 Q. The-can you tell us what Chris' condition was before his admittedly compensable injury?
 

 A. Yes, Chris was perfectly normal with no disabilities. He had graduated from high school. He had graduated from Lewis College and he was a student at Western Carolina University and he came home for a summer job and that's when the doors fell on him.
 

 ...
 

 Q. Have you taken him to most of these medical appointments?
 

 A. Yes, sir. I have.
 

 ...
 

 Q. And can you tell us what your role has been in this process since the injury in June of 1998?
 

 A. ... I tried to take care of him the best that I could.... be there to-to monitor him, to sit at the hospital, to sit at the doctor's offices, prepare whatever food we needed to prepare for him.... I realized after the accident that he was no longer able to take care of any money that he had ... we have to pretty much keep an eye on-on him because of the depression.... We have had case managers on his case before and communicating with them, communicating with the doctors, dispensing his medications, just doing what a parent would do for their child.
 

 *800
 
 ...
 

 Q. Can you tell us from your own observations what problems, if any, he has with-with sleeping and resting?
 

 A. He has difficulty with sleeping....
 

 ...
 

 Q. Does he need help shopping?
 

 A. He does....
 

 ...
 

 Q. Is he able to cook for himself?
 

 A. Well, he used to cook a lot for himself before the accident. He, like I said, he lived independently.... [A]fter the accident we thought we could resume letting him take care of himself which that's what I would have preferred but he would forget and leave the stove on. So, he is not allowed to use the stove....
 

 Q. So, do you do most of the cooking?
 

 A. I do.
 

 ...
 

 Q. Does he need reminders about bathing and shaving and things like that?
 

 A. He does....
 

 ...
 

 Q. And is the need for monitoring somethings that's present twenty-four hours a day, seven days a week?
 

 ...
 

 A. Yes ...
 

 The testimony by Dr. Prakken and Mrs. Reed is competent evidence that supports the Commission's findings of fact challenged by Defendants. Dr. Prakken's testimony supports the Commission's finding that attendant care services are medically necessary for Mr. Reed. Mrs. Reed's testimony describing the attendant care she provides to Mr. Reed to help him with hygiene, shopping, cooking, taking medications, and managing his finances supports the Commission's finding that the attendant care services she provides are reasonable.
 

 *801
 
 While there may be additional contrary evidence in the record, it is the Commission that "is the sole judge of the credibility of the witnesses and the weight to be given their testimony."
 
 Adam v. AVX Corp.
 
 ,
 
 349 N.C. 676
 
 , 680,
 
 509 S.E.2d 411
 
 , 413 (1998) (quoting
 
 Anderson v. Lincoln Constr. Co.
 
 ,
 
 265 N.C. 431
 
 , 433-34,
 
 144 S.E.2d 272
 
 , 274 (1965) ). As such, we conclude that competent evidence supports the Commission's findings of fact.
 

 Because we hold the Commission's findings of fact are supported by competent evidence, they are conclusive on appeal.
 
 Id.
 
 at 681,
 
 509 S.E.2d at
 
 414 (citing
 
 Gallimore v. Marilyn's Shoes
 
 ,
 
 292 N.C. 399
 
 , 402,
 
 233 S.E.2d 529
 
 , 531 (1977) ). The Commission's findings establish that while Mr. Reed requires attendant care services twenty-four hours per day, seven days per week, these
 
 *114
 
 services are both "active and passive." The findings further establish that Mrs. Reed is merely "on-call" twenty-four hours per day, seven days per week, as opposed to actively monitoring Mr. Reed twenty-four hours per day, seven days per week. This in turn, supports the Commission's conclusion of law that Mr. Reed's attendant care compensation for Mrs. Reed is only reasonable and necessary for eight hours per day, seven days per week.
 

 We conclude that the Commission's findings of fact are supported by competent evidence and that these findings support its conclusions of law. Accordingly, we affirm the Commission's award of attendant care compensation to Mr. Reed.
 

 Conclusion
 

 For the foregoing reasons, we dismiss Defendants' appeal of the Commission's award of attorney's fees and affirm the Commission's award of attendant care.
 

 DISMISSED IN PART AND AFFIRMED IN PART.
 

 Judge BRYANT concurs.
 

 Judge TYSON concurs in part and dissents in part with separate opinion.
 

 TYSON, Judge, concurring in part, dissenting in part.
 

 Under our standard of review of appeals from the Industrial Commission, competent evidence supports the Commission's award of attendant care to a third-party medical provider. The majority's
 
 *802
 
 conclusion to dismiss Defendants' appeal from the Commission's unauthorized award of attorney's fees from attendant care compensation, by asserting that issue was not properly before the Full Commission and is not properly before this Court is error. I respectfully dissent from that conclusion.
 

 Whether the Industrial Commission has statutory or other authority to award attorney's fees from attendant care medical compensation due to a third-party medical provider was addressed before the Full Commission, was properly preserved by Defendants, and is properly before this Court. The Industrial Commission is without any lawful authority, and erred as a matter of law by ordering the payment of additional Plaintiff's attorney's fees from the award of attendant care medical compensation due and payable to a third-party medical provider.
 

 I. Plaintiff's Motion to Dismiss Defendant's Appeal
 

 More than six months after the record on appeal was settled and after Defendants' brief was filed, Plaintiff filed a motion to dismiss Defendants' appeal. Plaintiff argues this Court is without subject matter jurisdiction to review the attorney's fee award because: (1) Defendants failed to properly preserve their challenge to the attorney's fee award in their Form 44 before the Full Commission; (2) Defendants lack standing to contest the award of Plaintiff's attorney's fee; and (3) jurisdiction lies solely with the Wake County Superior Court, and Defendants have appealed to the improper tribunal. Defendants fully responded to and challenged each assertion in Plaintiff's motion.
 

 The majority disposes of Defendants' appeal solely on the grounds Defendants failed to preserve their challenge to the attorney's fee award in their Form 44 before the Full Commission. I respectfully disagree to dismiss this issue which was fully addressed before the Commission, and also address the additional two threshold jurisdictional issues asserted in Plaintiff's motion to dismiss to reach the substantive merits of Defendants' appeal: the legality of awarding attorney's fees out of payments due for attendant care delivered by a third-party medical provider.
 

 A. Preservation of the Issue Before the Industrial Commission
 

 The majority's opinion partially dismisses Defendants' appeal, and holds Defendants failed to show before this Court that the issue of the award of attorney's fees was properly preserved before and addressed by the Full Commission. I disagree.
 

 The majority notes, after giving sufficient notice of appeal from the Deputy Commissioner to the Full Commission, an appellant must
 
 *803
 
 complete a Form 44
 
 Application for Review
 
 , which is supplied by the Commission. The Form 44 should assert the grounds
 
 *115
 
 for the appeal "with particularity." Workers' Comp. R. of N.C. Indus. Comm'n 701(2), 2011 Ann. R. (N.C.) 1070. The appellant is required to file and serve the completed Form 44 and an accompanying brief within the specified time limitations "unless the Industrial Commission, in its discretion, waives the use of the Form 44."
 
 Id
 
 . Defendants clearly met all these requirements.
 

 If an appellant fails to state "with particularity" the grounds for appeal, such grounds are "deemed abandoned and argument thereon shall not be heard before the Full Commission." Workers' Comp. R. of N.C. Indus. Comm'n 701(2)-(3), 2011 Ann. R. (N.C.) 1070. The appellant may "compl[y] with Rule 701(2)'s requirement to state the grounds for appeal with particularity by timely filing their brief after giving notice of their appeal to the Full Commission."
 
 Cooper v. BHT Enters.
 
 ,
 
 195 N.C.App. 363
 
 , 368,
 
 672 S.E.2d 748
 
 , 753 (2009).
 

 The majority correctly recognizes our Court has refused to place "form over substance" with regard to the Rule 701 requirements. Plaintiff was and is clearly on notice of Defendants' challenges to the award of attorney's fees out of the challenged award of attendant care medical compensation. Defendants' Form 44 clearly challenges the Deputy Commissioner's "Award 2" as "contrary to law," which award deals solely with attorney's fees. Defendants also filed a motion for reconsideration in the Full Commission, which also deals specifically with attorney's fees.
 

 In
 
 Tucker v. Workable Company
 
 ,
 
 129 N.C.App. 695
 
 , 700,
 
 501 S.E.2d 360
 
 , 365 (1998), the defendant argued the Commission had erred by failing to modify the amount of the plaintiff's average weekly wage. The Full Commission determined the average weekly wage issue was not preserved and did not consider the issue.
 
 Id
 
 . at 700-701,
 
 501 S.E.2d at 365
 
 .
 

 This Court noted "that if findings of fact made by the Industrial Commission 'are predicated on an erroneous view of the law or a misapplication of the law, they are not conclusive on appeal.' "
 
 Id
 
 . at 701,
 
 501 S.E.2d at 365
 
 (quoting
 
 Radica v. Carolina Mills
 
 ,
 
 113 N.C.App. 440
 
 , 446,
 
 439 S.E.2d 185
 
 , 189 (1994) ). Our Court concluded that while Rule 701 requires the appellant to state the grounds for appeal with particularity,
 

 [t]his Court has held that when the matter is "appealed" to the full Commission pursuant to G.S. 97-85, it is the duty and responsibility of the full Commission to
 
 decide all of the matters in controversy between the parties
 
 .
 
 Joyner v. Rocky Mount Mills
 
 ,
 
 92 N.C.App. 478
 
 ,
 
 374 S.E.2d 610
 
 (1988). In
 
 Joyner
 
 , we said, "[i]nsamuch as the Industrial
 
 *804
 
 Commission decides claims without formal pleadings, it is the duty of the Commission to
 
 consider every aspect of plaintiff's claim
 
 whether before a hearing officer or on appeal to the full Commission."
 
 Id
 
 . at 482,
 
 374 S.E.2d at 613
 
 .
 

 Id
 
 . (quoting
 
 Vieregge v. N.C. State University
 
 ,
 
 105 N.C.App. 633
 
 , 638,
 
 414 S.E.2d 771
 
 , 774 (1992),
 
 disc. review denied
 
 ,
 
 345 N.C. 354
 
 ,
 
 483 S.E.2d 192
 
 (1997) ) (emphasis original). In
 
 Tucker
 
 , this Court considered the issue of the plaintiff's average weekly wage, and held the Commission erred in its determination of the amount of the plaintiff's average weekly wage.
 
 Id
 
 . at 702,
 
 501 S.E.2d at
 
 365 ;
 
 see also
 

 Hauser v. Advanced Plastiform, Inc.
 
 ,
 
 133 N.C.App. 378
 
 , 388-89,
 
 514 S.E.2d 545
 
 , 552 (1999) (relying upon the quoted language from
 
 Tucker
 
 , and holding the issue of attorney's fees was before the Full Commission, even though the plaintiff did not raise the issue in the Form 44).
 

 The majority recognizes
 
 Cooper
 
 's controlling authority, but declines to address the issue of attorney's fees and grants Plaintiff's tardy motion to dismiss, because Defendants did not include a copy of their supporting legal brief to the Full Commission in the long-settled record on appeal.
 

 The record on appeal was settled by the parties and filed in with this Court on 15 September 2015. Plaintiff's motion to dismiss was filed over six months later on 14 April 2016. Plaintiff does not show any prejudice and cannot argue he failed to receive adequate notice of Defendants' appeal from the issue of the award of attendant care medical compensation and the additional Plaintiff's attorney's fees to be paid therefrom. Adequate notice is "the underlying consideration
 
 *116
 
 behind the spirit of Rule 701."
 
 Lowe v. Branson Auto.
 
 ,
 
 240 N.C.App. 523
 
 , 536,
 
 771 S.E.2d 911
 
 , 919-20 (2015).
 

 The Full Commission reduced the Deputy's award of attendant care, which also reduced any purported attorney's fee to be paid therefrom. Plaintiff does not challenge that the Commission clearly considered and ruled upon Defendants' arguments regarding the award of medical attendant care compensation payable to a third-party provider and Plaintiff's attorney's fee to be paid from those proceeds. The attorney's fee award was an inseparable part and parcel of the award of attendant care compensation, which was undoubtedly before the Full Commission and is properly before this Court now. The Commission's purported award of attorney's fees from attendant care compensation "is predicated on an erroneous view of the law or a misapplication of the law," and "is not conclusive on appeal."
 
 Tucker,
 

 129 N.C.App. at 701
 
 ,
 
 501 S.E.2d at
 
 365
 
 *805
 
 Like in
 
 Tucker
 
 and
 
 Hauser
 
 , "the opinion and award of the Full Commission indicates that the issue of attorneys' fees was before the Commission."
 
 Hauser
 
 ,
 
 133 N.C.App. at 388
 
 ,
 
 514 S.E.2d at 552
 
 . This issue was preserved and is properly before this Court. Plaintiff's motion to dismiss is wholly without merit, and should be denied.
 

 B. Standing to Contest the Award of Plaintiff's Attorney's Fees
 

 Plaintiff's motion to dismiss also argues Defendants have not suffered pecuniary loss from the award of attorney's fees to be paid from proceeds of medical compensation, and have not suffered an injury to confer jurisdiction upon this Court. This issue is settled law.
 

 This Court concluded in
 
 Saunders v. ADP TotalSource Fi Xi, Inc
 
 ., --- N.C.App. ----, ----,
 
 791 S.E.2d 466
 
 , 472 (2016) :
 

 Having both the duty and right to direct medical care and treatment provided to their injured employee, Defendants have a continuing interest in the pool of resources available for medical care and benefits for their employees' injuries and assuring the medical providers do not reduce care and are fully compensated for services they render to an injured employee. Defendants have shown their legal rights have been denied or directly and injuriously affected by the superior court's purported ... award of attorney's fees from funds stipulated as medical compensation, and have standing to challenge that order before this Court.
 

 (citations and quotation marks omitted).
 

 Also, because Plaintiff's additional attorney's fees were ordered to be paid from the proceeds of the retroactive attendant care compensation awarded by the Commission and due a third-party medical provider, which Defendants clearly have standing to appeal and have, in fact, properly appealed, Defendants also have standing to appeal from any purported award of attorney's fees associated with and to be deducted from those awarded attendant care proceeds.
 
 See
 
 id.
 

 Defendants' arguments against the overall compensation and the attorney's fees include as a common thread: the contention that Plaintiff's counsel and health care providers have directed his care and rehabilitation in such a manner to undermine his ability to rehabilitate, and creates for Plaintiff, his mother, and counsel an additional pecuniary interest in Plaintiff remaining in attendant care for the foreseeable future, never rehabilitating and returning to work. Defendants' standing to dispute this issue and the resultant attorney's fee claim before
 
 *806
 
 the Commission would be rendered meaningless, without standing to appeal from the Commission's order.
 

 Furthermore, the attorney's fee is part of the attendant care medical compensation awarded by the Commission, which Defendants, as parties before the Commission, clearly have standing to challenge on appeal and have correctly appealed to this Court.
 
 Id
 
 . ;
 
 N.C. Gen. Stat. § 97-86
 
 (2015). Plaintiff's argument is wholly without merit.
 

 C. Proper Tribunal for Appeal
 

 Plaintiff also argues this Court does not have subject matter jurisdiction, because the issue Defendants contest regarding the attorney's fees is within the sole jurisdiction of the
 
 *117
 
 superior court. The law is also settled on this issue.
 

 The issue of whether attorney's fees may be deducted from the proceeds of an award of third-party attendant care medical compensation and paid directly to Plaintiff's attorney is properly before this Court. In
 
 Saunders
 
 , this Court stated:
 

 [T]he superior court in its order apparently found facts and ruled far beyond an appellate review of the "reasonableness" of the attorney's fee, for legal services rendered to the injured worker by his attorney. The superior court purported to adjudicate a question of workers' compensation law,
 
 i.e
 
 ., whether the Commission may order an attorney's fee to be paid from the award of medical compensation. This determination is outside the scope of the superior court's appellate jurisdiction under
 
 N.C. Gen. Stat. § 97-90
 
 (c), and rests within the statutes governing the Industrial Commission, subject to appeal to this Court.
 
 N.C. Gen. Stat. § 97-91
 
 (2015). Our Court has determined "medical compensation is solely in the realm of the Industrial Commission, and § 97-90(c) gives no authority to the superior court to adjust such an award under the guise of attorneys' fees. Doing so constitutes an improper invasion of the province of the Industrial Commission, and constitutes an abuse of discretion."
 
 Palmer I
 
 ,
 
 157 N.C.App. at 635
 
 ,
 
 579 S.E.2d at 908
 
 .
 

 Saunders
 
 , --- N.C.App. at ----,
 
 791 S.E.2d at 476-77
 
 .
 

 The appeal from the Industrial Commission's order, which adjudicated a question of worker's compensation law, is properly before this Court
 
 de
 

 *807
 

 novo
 
 , and not the Wake County Superior Court for any "reasonableness" review.
 
 Id
 
 . Plaintiff's motion and argument are wholly without merit.
 

 II. Award of Attorney's Fees
 

 Defendants argue the Commission cannot award attorney's fees under these facts, and erred as a matter of law by purporting to award Plaintiff's attorney additional fees to be paid directly from the award of attendant care compensation payable to a third-party medical provider. I agree.
 

 A. Standard of Review
 

 The Commission's award of attorney's fees is a conclusion of law, which is reviewable by this Court
 
 de novo
 
 .
 
 Grantham v. R.G. Barry Corp.
 
 ,
 
 127 N.C.App. 529
 
 , 534,
 
 491 S.E.2d 678
 
 , 681 (1997),
 
 disc. review denied,
 

 347 N.C. 671
 
 ,
 
 500 S.E.2d 86
 
 (1998).
 

 B. Analysis
 

 The Full Commission purported to award Plaintiff's attorney a fee of twenty-five percent, to be paid directly from the proceeds of all retroactive attendant care medical compensation awarded to Ms. Reed from 18 March 2011 until 13 May 2015, the date of the Commission's award. The Commission denied Plaintiff's attorney's request for twenty-five percent of future attendant care medical payments. Defendants were ordered to deduct twenty-five percent from the accrued retroactive proceeds awarded to a third-party medical provider, and to pay it directly to Plaintiff's counsel. Defendant correctly asserts this attorney's fee award by the Commission was ordered without any statutory basis, and is not authorized as a matter of law.
 

 The employer is statutorily required to provide "medical compensation" as benefits to an injured employee.
 
 N.C. Gen. Stat. § 97-25
 
 (2015). Medical compensation is defined as services "as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability."
 
 N.C. Gen. Stat. § 97-2
 
 (2015). "[An] employer's right to direct medical treatment (including the right to select the treating physician) attaches once the employer accepts the claim as compensable."
 
 Kanipe v. Lane Upholstery
 
 ,
 
 141 N.C.App. 620
 
 , 624,
 
 540 S.E.2d 785
 
 , 788 (2000).
 

 The Workers Compensation Act presumes the injured worker will heal, recover from the injuries for which he is receiving medical care, and will return to work.
 
 Effingham v. Kroger Co.
 
 ,
 
 149 N.C.App. 105
 
 , 114-15,
 
 561 S.E.2d 287
 
 , 294 (2002) ("Temporary disability benefits are for
 
 *808
 
 a limited period of time. There is a presumption that [the employee] will eventually recover and return to work. Therefore, the employee must make reasonable
 
 *118
 
 efforts to go back to work or obtain other employment." (internal citation and quotation marks omitted)).
 

 Here, Plaintiff was injured after a month on the job on 26 June 1998. Plaintiff retained counsel soon after the injury. On 18 March 2011, Plaintiff filed a Form 33 to request a hearing before the Commission, and alleged Defendants had failed to pay attendant care medical compensation to which he was entitled. Three months later, in June 2011, the General Assembly amended
 
 N.C. Gen. Stat. § 97-2
 
 , to include attendant care services within the definition of "medical compensation."
 

 N.C. Gen. Stat. § 97-2
 
 (19) (2015) specifically defines "medical compensation" to include "attendant care services prescribed by a health care provider authorized by the employer or subsequently by the Commission[.]" Prior to the statute's amendment, and at the time Plaintiff's claim for attendant care arose, the phrase "other treatment" set forth in
 
 N.C. Gen. Stat. § 97-2
 
 (19) had been interpreted to include attendant care medical services.
 
 See
 

 Mehaffey v. Burger King
 
 ,
 
 367 N.C. 120
 
 , 124-25,
 
 749 S.E.2d 252
 
 , 255 (2013) (citing
 
 Ruiz v. Belk Masonry Co.
 
 ,
 
 148 N.C.App. 675
 
 , 681,
 
 559 S.E.2d 249
 
 , 253-54,
 
 appeal dismissed and disc. rev. denied
 
 ,
 
 356 N.C. 166
 
 ,
 
 568 S.E.2d 610
 
 (2002) ). All parties stipulated during oral arguments and the majority correctly notes that payment for third-party provided "attendant care services" constitutes "medical compensation".
 

 1.
 
 Palmer v. Jackson ("Palmer I")
 

 Medical compensation paid by the employer for medical services previously rendered are payments and reimbursements to third-party providers. These payments are neither entitlements nor indemnity wages or benefits payable to the injured worker or his attorney. Payments for medical compensation are not subject to any offsets from those proceeds to pay Plaintiff's attorney additional fees under the Worker's Compensation Act.
 
 Palmer v. Jackson
 
 ,
 
 157 N.C.App. 625
 
 ,
 
 579 S.E.2d 901
 
 (2003) ("
 
 Palmer I
 
 ").
 

 In
 
 Palmer I
 
 , the injured employee had incurred substantial medical bills owed to the University of North Carolina Hospitals and University of North Carolina Physicians and Associates.
 
 Id.
 
 at 626, 579 S.E.2d at 903. Plaintiff's attorneys "exert[ed] much time, money and expertise," to prove to the Commission that that the plaintiff's heatstroke was compensable as an occupational disease.
 
 Id
 
 . As part of the award, the
 
 *809
 
 defendant-employer was ordered to pay for past and future medical expenses incurred by the plaintiff.
 
 Id
 
 . at 627, 579 S.E.2d at 903.
 

 The superior court in
 
 Palmer I
 
 awarded twenty-five percent of both the wage indemnity and the medical compensation proceeds, either already paid or still outstanding, to be paid to plaintiff's attorneys.
 
 Id
 
 . at 630, 579 S.E.2d at 906. This Court noted, "[t]he trial court's order effectively reduced the award of medical compensation to the hospitals. As can be gleaned from the order, the trial court determined that [the plaintiff's attorneys] had done the hospitals a great service, and therefore felt that the deduction was justified in the interest of fairness and equity."
 
 Id
 
 .
 

 On appeal by the defendant-employer, this Court held "[t]he trial court may not [...] reduce the compensation paid to medical providers in order to fund the fee award."
 
 Id
 
 . at 638, 579 S.E.2d at 909. Here, like in
 
 Palmer I
 
 and contrary to this Court's holding, the Commission, without any statutory or other authority, purported to order additional attorney's fees to be deducted from the proceeds of attendant care medical compensation due to a third-party medical provider.
 
 Id
 
 .
 

 Under
 
 Palmer I
 
 , and N.C. Gen. Stat. 97-90 this purported award is clearly prohibited and unlawful. We are bound by our prior decisions.
 
 In re Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) ("[A] panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court.") Plaintiff has failed to demonstrate the rule set forth in
 
 Palmer I
 
 does not control the issue before us.
 

 Id.
 

 This Court later revisited the
 
 Palmer
 
 case in
 
 Palmer v. Jackson
 
 ,
 
 161 N.C.App. 642
 
 ,
 
 590 S.E.2d 275
 
 (2003) ("
 
 Palmer II
 
 "). The Court upheld the Commission's determination that
 
 *119
 
 the plaintiff's caretakers were entitled to payment of $7.00 per hour and interest accrued for providing past and future attendant medical care to the plaintiff. The defendants were ordered to pay the plaintiff's counsel "a fee equal to twenty-five percent of the lump sum amount retroactively paid for attendant care for attorney's fees."
 
 Id
 
 . at 650,
 
 590 S.E.2d at 279
 
 . Nothing in the Commission's award required the fees to be paid from the compensation due to a third-party medical provider.
 

 Defendants in
 
 Palmer II
 
 did not argue before this Court that the Commission had erred by awarding an attorney's fee to be paid from the award of attendant care medical compensation. The plaintiff argued "the Commission failed to address whether defendants wrongfully defended the claim for retroactive care without reasonable grounds."
 

 *810
 

 Id
 
 . at 649,
 
 590 S.E.2d at 279
 
 . This Court overruled the plaintiff's argument and determined, "[i]t is apparent that the Commission did consider plaintiff's claim and awarded those fees which it believed to be appropriate."
 
 Id.
 
 at 650,
 
 590 S.E.2d at 279
 
 .
 

 This Court did not rule upon the Commission's authority to award attorney's fees to be paid directly from the proceeds of attendant care medical compensation due to a third-party provider absent statutory authority. The
 
 Palmer II
 
 case is wholly uninstructive on this issue.
 

 2. "[E]very litigant is responsible for his or her own attorney's fees."
 

 The statute and this Court's decision in
 
 Palmer I
 
 are wholly consistent with the long established common and statutory law of North Carolina regarding the award of attorney's fees. "[T]he general rule has long obtained that a successful litigant
 
 may not recover attorneys' fees
 
 , whether as costs or as an item of damages, unless such a recovery is
 
 expressly authorized by statute
 
 ."
 
 Enterprises, Inc. v. Equipment Co.
 
 ,
 
 300 N.C. 286
 
 , 289,
 
 266 S.E.2d 812
 
 , 814 (1980) (citing
 
 Hicks v. Albertson
 
 ,
 
 284 N.C. 236
 
 ,
 
 200 S.E.2d 40
 
 (1973) ) (emphasis supplied).
 

 "Even in the face of a carefully drafted contractual provision indemnifying a party for such attorney's fees as may be necessitated by a successful action ..., our courts have consistently refused to sustain such an award absent statutory authority therefor."
 
 Id
 
 . at 289,
 
 266 S.E.2d at
 
 814-15 (citing
 
 Howell v. Roberson
 
 ,
 
 197 N.C. 572
 
 ,
 
 150 S.E. 32
 
 (1929) ;
 
 Tinsley v. Hoskins
 
 ,
 
 111 N.C. 340
 
 ,
 
 16 S.E. 325
 
 (1892) );
 
 see also
 

 Bailey v. State
 
 ,
 
 348 N.C. 130
 
 , 159,
 
 500 S.E.2d 54
 
 , 71 (1998) ("[T]he general rule in this country [is] that every litigant is responsible for his or her own attorney's fees.")
 

 The Workers' Compensation Act provides very specific circumstances by the General Assembly under which the Commission may award an attorney a fee for representation of the injured employee, none of which apply here.
 
 See
 

 N.C. Gen. Stat. § 97-88
 
 (2015) (allows attorney's fees to an injured employee if the insurer has appealed a decision to the Full Commission or to any court, and on appeal, the Commission or court has ordered the insurer to make, or continue making, payments of benefits to the employee);
 
 N.C. Gen. Stat. § 97-88.1
 
 (2015) (where a hearing was brought, prosecuted, or defended without reasonable ground, the Commission may assess the whole cost of the proceedings including reasonable fees for either party's attorney upon the party who has brought or defended them);
 
 N.C. Gen. Stat. § 97-90
 
 (c) (2015) (allows for Commission to award fees resulting from a contract between the employee and his or her attorney).
 

 *811
 
 The Workers' Compensation Act contains no statutory authority to allow the Commission to award an additional plaintiff's attorney's fee to be paid from an award of attendant care medical compensation provided by and due a third-party medical provider. In the absence of specific statutory authority for such award, the Commission is without any authority whatsoever to award attorney's fees therefrom, and the long-standing common law and general rule controls. Each party is responsible to pay for his or her own attorney's fees.
 
 Enterprises,
 

 300 N.C. at 289
 
 ,
 
 266 S.E.2d at 814
 
 .
 

 Our binding precedent in
 
 Palmer I,
 
 and the well-settled Supreme Court precedents adopting and affirming the common law rule controls the Commission's unlawful award of additional Plaintiff's attorney's fees. Absent
 
 *120
 
 specific statutory authority for fee shifting, a litigant is responsible to pay his or her own attorney's fees.
 
 Id
 
 . The Commission is without any statutory or case law authority to award Plaintiff additional attorney's fees to be deducted and paid from proceeds of attendant care or other compensation due and payable to a third party medical provider.
 
 Palmer I,
 

 157 N.C.App. at 638
 
 , 579 S.E.2d at 909. That portion of the Commission's Opinion and Award is contrary to the Workers' Compensation Act and controlling case law, and should be vacated.
 

 III. Conclusion
 

 Defendants have standing to bring this appeal to this Court as parties aggrieved by entry of the Industrial Commission's award of attendant care medical compensation.
 
 Saunders
 
 , --- N.C.App. at ----,
 
 791 S.E.2d at 472
 
 . All issues raised by Defendants before the Deputy Commissioner and Full Commission are properly appealed and before this Court. Plaintiff's tardy motion to dismiss is without merit, and should be denied in its entirety.
 

 Payments for attendant care provided by a third-party, as conceded by all counsel, are defined as medical compensation under
 
 N.C. Gen. Stat. § 97-2
 
 (19) and in
 
 Palmer I
 
 , 157 N.C.App. at 638, 579 S.E.2d at 909. Under
 
 Palmer I
 
 , medical compensation proceeds due a third-party provider cannot be reduced or offset to fund additional fees for Plaintiff's attorney.
 
 Id
 
 .
 

 No statutory authority exists under the Workers' Compensation Act or under any case law for the Commission to order payment of Plaintiff's attorney's fees from an award of attendant care services provided by, and from medical compensation proceeds payable and due, a third-party provider. In the absence of specific statutory authority for the
 
 *812
 
 Commission to order such award, the North Carolina precedents affirming the long standing common law and general rule controls: "every litigant is responsible for his or her own attorney's fees."
 
 Bailey,
 

 348 N.C. at 159
 
 , 500 S.E.2d at 71.
 

 The Commission is without statutory authority, and erred as a matter of law by purporting to award Plaintiff's attorney an additional fee to be offset from the proceeds of attendant care compensation that is awarded and payable to a third-party medical provider.
 
 Id
 
 . The opinion and award of the Full Commission on this issue should be vacated. I respectfully dissent.
 

 [1]
 

 The Motion also asked the Commission to amend the Opinion and Award to require Mr. Reed's mother to report her attendant care earnings to the government and to be responsible for paying all taxes applicable to the earnings.
 

 [2]
 

 Defendants represented to the Superior Court that their Motion for Reconsideration concerned the Commission's "decision with regards to Award No. 1." However, Award No. 1 addressed attendant care compensation, not attorney's fees.
 

 [3]
 

 The General Assembly amended the Act in 2011 to include attendant care services within the definition of medical compensation. 2011 N.C. Sess. Laws ch. 287, § 2. This definition was not in effect at the time this claim was filed; however, the North Carolina Supreme Court has previously included attendant care services within the statute's "other treatment."
 
 Mehaffey v. Burger King
 
 ,
 
 367 N.C. 120
 
 , 125,
 
 749 S.E.2d 252
 
 , 255 (2013). Neither party disputes attendant care services as being other than medical compensation.